THOMAS W. HARVEY, plaintiff in error, *vs.* WILLIAM A. DANIEL, defendant in error.

When a mere bond of indemnity is given against the payment of money due on the outstanding debts of a mercantile firm, the plaintiff must show some loss or damage sustained by the actual payment of the money due upon such debts, or that which the law considers equivalent to an actual payment thereof—in order to constitute a *breach* of the bond. The existence of a *mere legal liability* to pay such debts is not sufficient.

Debt. Nonsuit. Awarded by Judge WORRILL. Talbot Superior. Court. September Term, 1867.

This was debt by Harvey against Daniel, upon the following bond :

" STATE OF GEORGIA, *Talbot County.*

Know all men by these presents : that we, W. A. Daniel and Joseph Brown security, of said county, are held and firmly bound unto T. W. Harvey, of the same place, in the just and full sum of Seven Thousand Dollars, for the true payment of which we bind ourselves, our heirs, executors

and administrators, jointly and severally, firmly by these presents. Sealed with our seals and dated this February 11th, 1859.

"The condition of the above obligation is such, that whereas the above bound William A. Daniel has purchased of the said T. W. Harvey his entire interest in a stock of goods in Talbotton, in said county, and whereas, according to the conditions of said purchase, said Daniel was to *indemnify* said T. W. Harvey against the payment of any of the debts of the late firm of Harvey & Brown; now if the said William A. Daniel shall well and truly pay, or cause to be paid, all of the debts of said late firm of Harvey and Brown, so as fully to *indemnify and secure said Harvey from all loss arising from said debts*, then this obligation to be null and void, else to remain in full force and effect.

W. A. DANIEL, [SEAL.]
J. H. BROWN,   [SEAL.]"

The breach was alleged by averring that Daniel did not pay said debts so as to fully indemnify him, &c., but on the contrary thereof, at the time of making said writing obligatory, said firm was indebted by promissory note to one John F. Mathews, in the sum of $1,800, dated and due on the 26th of October, 1858, and said Daniel, though knowing said note was held by Mathews and was unpaid, has not paid it so as to indemnify Harvey.

At the trial, plaintiff's attorneys read in evidence said bond and the promissory note signed by Harvey & Brown, aforesaid, which was credited with $900 paid 23d December, 1858.

They then examined JOHN F. MATHEWS, who testified : that Harvey & Brown gave him said note for money loaned to the firm; that it was at the date of the debt, and still is, a valid debt against the firm, and affected only by said credit.

Here the plaintiff closed. Defendant's attorneys moved a nonsuit, which was granted by the Court.

This ruling of the Court below is here assigned for error.

BLANFORD & MILLER, J. M. MATHEWS, for plaintiff in error.

W. A. LITTLE, B. HILL, for defendant in error.

WARNER, C. J.

At the trial of this case, the Court nonsuited the plaintiff, and that is the error assigned here to the judgment of the Court. This suit was brought upon an *indemnity* bond given by the defendant to indemnify the plaintiff against the outstanding debts of the firm of Harvey & Brown. The breach alleged is that the defendant has not paid a certain note made by the partners, to one Mathews. It is insisted for the plaintiff, that this bond is *more* than a bond for *indemnity*, that it contemplates the payment of the debts of the firm by the defendant, and the fact that he has not paid the debt of Mathews, is a *breach* of the condition thereof. The general rule of law applicable to this class of cases we understand to be, that in order to recover upon a *mere* bond of indemnity, *actual damage* must be shown. If the indemnity be against the payment of money, the plaintiff must prove *actual payment*, or that which the law considers equivalent to actual payment; a *mere legal liability* to pay the money is not sufficient. Chase *vs.* Hinman, 8th Wendell's Rep., 456 ; Franks *vs.* Hamilton, 29th Ga. Rep., 139.

Did the defendant bind himself to pay the outstanding debts of the firm of Harvey & Brown at or before any specified period of time. Has Harvey *paid* any of the debts of the firm ? Has he sustained any *loss* or *damage* on account of the non-payment of the firm debts ? The record does not show that he has, and he may *never pay* any of them, or sustain any loss or damage on account of the non-payment thereof. What was the *intention* of the parties to this contract ? Was it their intention that Harvey should be *indemnified* against any *loss* or *damage* that he might sustain from having to *pay* the firm debts, or was it their intention that the condition of the bond should be broken, in the event Daniel did not pay the firm debts within a *reasonable* time ?

Let the contract speak for itself, and be its own *interpreter*. The bond recites that "Whereas the above bound William A. Daniel has purchased of the said T. W. Harvey his entire interest in a stock of goods, and whereas, according to the *conditions of said purchase*, said Daniel was to *indemnify* said Harvey against *the payment* of any of the debts of the late firm of Harvey & Brown." The obvious intention of the parties was that Harvey should be *indemnified* against loss or damage in case he should have to pay any of the outstanding debts of the firm, and until he can show that he has paid debts of the firm, or sustained some loss or damage arising from the *non-payment thereof* by Daniel, there is no breach of the indemnity bond; a *mere legal liability* on his part to pay the firm debts, without more, does not constitute a breach of the bond. If, after the lapse of a *reasonable* time, Daniel had failed to pay the firm debts, and Harvey had in *good faith* paid off the same, we do not say that under such a state of facts, an action upon the bond could not have been maintained. But here there has been *no payment* of any firm debt by the plaintiff, nor loss or damage shown to have been sustained by him in consequence of the non-payment thereof by the defendant.

Let the judgment of the Court below be affirmed.