DABNEY & FOUCHÉ, *contra*.

---

CHATTANOOGA, R. & C. RAILROAD CO. *v.* WHITEHEAD.

1. There was no error in admitting in evidence the rules of the company, the same being relevant to the negligence charged in the declaration.
2. The charge of the court was substantially correct; the evidence warranted the verdict, and there was no error in denying a new trial.     *Judgment affirmed.*

August 1, 1892.

Railroads. Evidence. Negligence. Charge of court. Before Judge MADDOX. Floyd superior court. March term, 1891.

The plaintiff sued the railroad company for damages from the homicide of her husband, alleging that he was in the company's employment as a section-hand, and was at work in the discharge of his duty, shovelling dirt in a cut and constructing a drain or ditch at the side of the track, and while standing at the end of a cross-tie performing his work, the defendant's construction-train, with no regular schedule, came backing through the cut at about twenty-five miles an hour, and struck her husband on the head, inflicting injuries from which he died; that no signal was given by the engineer at the road-crossing which was a short distance from

the cut, the whistle was not blown nor the bell rung, and no signal was given when the train entered the cut, nor before; that the place where the deceased was standing when the car struck him was in a cut and just beyond a sharp curve; and that the train had just rounded the curve when he was struck, and had given no signal whatever to warn him, and he was not guilty of any fault or negligence.

The jury found for the plaintiff $1,500. The defendant moved for a new trial on the grounds that the verdict was contrary to law, evidence, etc., and on the following special grounds:

1. Over objections, the court admitted the following rules of the defendant: "No. 113.—Work trains will be run as extras under special orders, and will be assigned certain limits. 70.—Extra and delayed trains must sound the whistle frequently on approaching curves and before passing obscure places. 104.—When a train is being pushed by an engine (except when shifting and making up trains in yards), a flagman must be stationed in a conspicuous position on the front of the leading car, so as to perceive the first sign of danger, and immediately signal the engineer." The objections were, that this evidence was irrelevant; that there was no allegation predicated upon the violation of these rules, or that would authorize their introduction; and that it was not alleged or shown that the plaintiff's husband knew of their existence or relied on them, nor that he or the road were operating under them.

2. The court gave the following instructions: "In the first place, I charge you that it is incumbent upon the plaintiff in this case, the wife of the deceased man, who sues for the financial value of his life, it is incumbent upon her to show that he was killed by this railroad as alleged in the declaration. She must show also, before the burden is shifted upon the defendant, that her

husband was absolutely without fault when he was killed, which contributed in any way to this injury, or she must show that it was through the carelessness and negligence of the railroad company that caused his death. In the first place, before the plaintiff can recover, as I have charged you before, the plaintiff must show that her husband was without fault that contributed to the injury; or if she shows that it was brought about by the negligence and carelessness of the railroad company, then the burden is upon the company. If they show you that they were negligent to some extent or in some way negligent, but still the deceased man could in this case have avoided the injury by the exercise of ordinary care, the plaintiff cannot recover, and you would find for the defendant; or if they show you that he was at fault which contributed to this injury, he cannot recover. If you find that he (the deceased) could have avoided the injury by the use of ordinary care, the plaintiff cannot recover. If you find that he could not, or that the deceased was not at fault which contributed to this injury, and you find that the injury was brought about by the negligence of the defendant, then you would find for the plaintiff." These charges are assigned as error because, as the defendant contends, the court limited the fault that would defeat the presumption in favor of the defendant to that which "contributed" to the injury; because, no matter how negligent the defendant may have been, if the plaintiff's husband could, by the use of ordinary care, have avoided it, she cannot recover; and because he must have been without fault, however slight, and the injury must have been caused by defendant's negligence, before the plaintiff can recover.

The court charged: "Now, gentlemen of the jury, when the deceased employed to this company he assumed all the risk necessarily incident to this occupa-

tion, but not such as resulted from the negligence of his co-employees. That doctrine has been invoked, and I give it to you in charge." This was error, because, if the court undertook to instruct the jury upon this doctrine, he should have done so fully. Under the charge the jury could not understand the nature of the risks the deceased assumed; and in this connection he should also have told them that if the injury was the result of an unavoidable accident, plaintiff could not recover. Defendant contends that the doctrine should have been limited to cases of negligence on the part of co-employees in the performance of acts where there was no corresponding duty or burden upon the deceased. For instance, suppose the evidence discloses that the injury was caused by the failure of Munden, the section-master, to keep a sharp lookout. Yet there was a duty upon deceased also to lookout. Moreover, Whitehead saw that Munden was engaged in another occupation, and if his own faculties were asleep and sluggish upon this occasion, he took the risk of the other employees being in the same condition. It is only when an employee is himself alert and fully up to every measure of his duties that he can be said not to take, in some measure, the risk of negligence on the part of co-employees. If custom makes him callous to dangerous surroundings, he must anticipate similar soporific effects upon his co-employees.

The court charged: "If you find from the evidence that the crossing was so far away from the injury that the deceased could not have heard it, and it in no way could have contributed to the injury if they failed to blow at the crossing, that would not be such negligence as would authorize the plaintiff to recover. The negligence must be such as contributed to the injury. If you find, on the other hand, from the evidence in the case, that the deceased could have heard it, and you find

that it was negligence in failing to blow at that crossing, you may consider whether that is such negligence as would authorize the plaintiff to recover. Further, if you find under the rules and evidence in the case, that they were required to blow at these sharp curves under the rules controlling this company, if you find it to be true that they failed to blow, it is for you to find whether it is negligence, and whether it contributed to this injury and whether the plaintiff can recover." This charge is assigned as error because it contains an' expression of opinion by the court, as defendant contends, that the defendant failed to blow its whistle for the crossing and for the curves, and upon other facts. Because the court separated the duty of blowing after the crossing and for the curves, and made it the duty of the defendant to blow for each, and, defendant contends, virtually withdrew defendant's contention that the crossing was so near that a blowing for the crossing was a blowing for the curve, and was the expression of an opinion that a blowing for the crossing was not a blowing for the curve. Because the court failed to instruct the jury as to the effect of this particular negligence upon the part of the defendant, but left it to them to say whether this one act of negligence alone would not authorize them to find for plaintiff. The court should not have cited particular acts of negligence at issue without, at the same time, discussing and instructing the jury upon all the disputed questions of negligence. Defendant contends that the court should have gone further and instructed the jury that although the defendant failed to blow the whistle at either place, and that was negligence, yet if the deceased was out of his place, standing upon the ends of the ties when he should have been in the drain, or had his back to the direction of the construction-train, if they believed it to be his duty to have his face in that direction, or he was looking at the E. T.,

Va. & Ga. train when he should have been looking out for a train on defendant's track, if they believe he was doing any of these things and they were acts of negligence, and otherwise he would not have been injured, then plaintiff cannot recover.

W. W. BROOKES, W. T. TURNBULL and J. BRANHAM, for plaintiff in error.

WRIGHT, MEYERHARDT & WRIGHT, *contra.*