### 18219.   BROADWELL *v.* MAXWELL.

BELL, J.   1. Under the law of this case, as laid down in *Broadwell* v. *Maxwell*, 30 *Ga. App.* 738 (119 S. E. 344), the court erred in instructing the jury that the written contract of November 21, 1916, purporting

Appeal and Error, 3 C. J. p. 978, n. 37; 4 C. J. p. 649, n. 35; p. 1213, n. 83.

Landlord and Tenant, 36 C. J. p. 613, n. 8.

Trial, 38 Cyc. p. 1618, n. 36; p. 1703, n. 75.

to create the relation of landlord and tenant, should be considered according to its own specific provisions unless the defendant established a prior oral contract of the nature set up by him in his plea, and likewise convinced the jury, by evidence, that the intention of the parties in making such written agreement was to execute a contract in harmony with the previous parol contract, and not in contravention thereof. If the parol agreement was duly established, and if in making the subsequent written agreement the opposite party was seeking to exercise an inequitable and unconscionable advantage of the defendant and to destroy the relation existing under the prior parol agreement, solely to the advantage of himself, a literal construction of the written instrument would be improper, irrespective of whether the parties *mutually* intended that the two agreements should be harmonious and consistent with each other.

2. There being no evidence whatever of any intention or desire by the parties to abrogate or rescind the oral agreement, if made, the instructions complained of in grounds 3 and 6 of the motion for a new trial were unwarranted by the evidence and erroneous.

3. For a like reason the court erred in charging the jury that no oral contract between the parties made subsequently to the sheriff's sale would be enforceable. The defendant was not relying upon any such agreement, and no evidence of such was introduced.

4. Under the evidence, the written contract of November 21, 1916, could not have been the mere reduction to writing of any previous parol agreement, unless it was the one relied on by the defendant; and if this was the intention of the parties, the plaintiff was not entitled to prevail. It was therefore error to instruct the jury that if such written contract was the reduction to writing of "the previous parol agreement between the parties, if there was one," the plaintiff should recover, provided there was a proper and timely demand for the premises.

5. The requested charges set out in grounds 11 and 12 of the motion for a new trial were correct and concrete statements of the law as previously enunciated in this case, and, being apt and pertinent to issues made by the evidence, should have been given in charge, although in principle and in more general and abstract terms they may have been covered by the other instructions. *Metropolitan Street R. Co.* v. *Johnson*, 90 *Ga.* 500 (5) (16 S. E. 49).

6. The letter, the admission of which is complained of in ground 13 of the motion for a new trial, not being set forth literally or in substance, this ground of the motion is not considered.

7. Since counsel for the plaintiff in error have conceded in their brief that any excess in the sum found in favor of the plaintiff as double rent has been written off, ground 10 of the motion for a new trial, relating to this feature of the verdict, is not passed upon.

8. No other error appears.

   *Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

     Decided January 17, 1928.

Eviction; from Cobb superior court—Judge John S. Wood. May 14, 1927.

*G. B. Walker, Poole & Fraser,* for plaintiff in error.
*J. Z. Foster, L. M. Blair, G. D. Anderson,* contra.