27543, 27544. POLLARD, receiver, *v.* ROBERSON.

DECIDED DECEMBER 1, 1939. REHEARING DENIED DECEMBER 19, 1939.

*John L. Tison, Matthews, Owens & Maddox,* for plaintiff in error. *J. B. Edwards, Arnold, Gambrell & Arnold,* contra.

FELTON, J. Mrs. M. T. Roberson instituted two suits against

H. D. Pollard as receiver of Central of Georgia Railway Company; by one she sought to recover for personal injuries to herself, and by the other to recover damages for the death of her husband. The injuries were alleged to have been caused by the negligence of the defendant, as a result of which the car in which Mrs. Roberson was driving her husband to his daily work ran into the side of one of the engines of the defendant. The defendant's answer denied the material allegations of the petition and alleged that the injury was due to the failure of Mrs. Roberson and her husband to exercise ordinary care. Among other amendments, plaintiff filed one changing an allegation in the original petition to the effect that the engine was traveling north in a forward movement so as to read that the engine was backing northward. The court allowed the amendment over objection. The jury found for the plaintiff. The defendant excepted to the allowance of the amendment, and to the order overruling the motion for new trial.

1. The first special ground of the motion for new trial presents no question for determination. As stated in the brief of counsel, it is a mere recital that the two cases were tried together.

2. The second ground of the amended motion complains that the charge unduly stressed the contentions of the plaintiff and minimized the contentions of the defendant. As the case is reversed on other grounds and the error, if any, will not likely occur on another trial, the assignment of error will not be passed on.

3. It was error for the court to refuse to give in charge to the jury the following timely written request: "If you find that it was so dark and foggy that Mrs. Roberson could not see in front of her automobile for any appreciable distance, you should take that, along with the speed at which she was driving, along with all the other evidence, into consideration in determining whether or not she was in the exercise of ordinary care, and if you find that by the exercise of ordinary care she could have avoided running into the train, and that her failure to use such care was the proximate cause of plaintiff's injuries, you should find for the defendant," for the reason that it was pertinent, applicable, and adjusted to the pleadings and the evidence in both cases, and not as fully given in the charge delivered. *Broadwell* v. *Maxwell*, 37 *Ga. App.* 686 (141 S. E. 326); *Metropolitan Street Ry. Co.* v. *Johnson*, 90 *Ga.* 500 (5) (16 S. E. 49); *City of Rome* v. *Stone*, 46 *Ga. App.* 259 (7)

(167 S. E. 325) ; *Trammell* v. *Shirley,* 38 *Ga. App.* 710 (145 S. E. 486) ; *W. & A. Ry. Co.* v. *Thompson,* 38 *Ga. App.* 599, 600 (144 S. E. 831). This refusal to give the requested charge was error in both cases. It was error in the action for the death of her husband because as a matter of law the negligence of the driver, Mrs. Roberson, was imputable to her husband, who was riding in his own car for the purpose of going to work while the car was driven by Mrs. Roberson, who was also on her way to work at the same place. An amendment to the petition alleged that the denseness of fog and darkness of night were the reasons the driver could not see the approaching train on the track. Evidence was introduced to the effect that because of the denseness of the fog an object could not be seen more than twelve to twenty feet.

4. It was error to refuse to give in charge to the jury the following timely written request: "The defendant contends that, in the exercise of ordinary care, Mrs. Roberson should have been driving the automobile, at the place and under the circumstances shown by the evidence, at such a rate of speed as to be able to stop within the distance she could see ahead. If you find that at the place where the collision occurred and under the circumstances existing at that time that Mrs. Roberson, in the exercise of ordinary care, should have been driving at such a rate of speed that she could stop within the distance she could see ahead, and failed to do so, and that this was the proximate cause of the plaintiff's injuries, you should find for the defendant," because it was pertinent, applicable, and adjusted to the pleadings and evidence in both cases, and not as fully given in the charge actually delivered. The other reasons stated in division 3 of this opinion are also applicable to this division. And see citations in division 3 of this opinion. See also *Reid* v. *So. Ry. Co.,* 52 *Ga. App.* 508 (183 S. E. 849) ; 44 A. L. R. 1403; 58 A. L. R. 1493; 87 A. L. R. 900.

5. It was error, for the reasons given in divisions 3 and 4 of this opinion, to refuse to give the following timely written request to charge: "Under the law the driver of the automobile, Mrs. Roberson, owed a duty to the railroad company to exercise ordinary care in approaching and attempting to pass over the crossing; and in this connection I charge you that it was her duty on approaching this crossing to drive the automobile at such a rate of speed and to keep such a lookout ahead as would meet the requirements of

ordinary care, taking into consideration all of the conditions existing at the time as may be shown by the evidence. If you find from the evidence that in the exercise of ordinary care, Mrs. Roberson could or should have seen that the train was on the crossing in time to have stopped the automobile before striking the train, or otherwise could have avoided running into the same, and that her failure to use such care was the proximate cause of the plaintiff's injuries, you should find in favor of the defendant."

6. It was not error to refuse to give in charge the following request to charge: "I charge you that it was the duty of Mrs. Roberson, as she approached the crossing, to use her sense of sight and hearing to ascertain whether the crossing was occupied, or was about to be occupied, at the time, by a train; so if you find under the evidence that she saw, or in the exercise of ordinary care she could have or should have seen or known that the train was on or near the crossing, and could have stopped or avoided running into the train, you should find for the defendant. The rule applies not only to what she actually saw, but to what she could have seen in the exercise of ordinary care." Pokora v. Wabash Ry. Co., 292 U. S. 98 (54 Sup. Ct. 580, 78 L. ed. 1149) ; *Central of Georgia Ry. Co.* v. *Leonard, 49 Ga. App.* 708 (176 S. E. 137), and cases cited in *Collier* v. *Pollard,* 60 *Ga. App.* 105 (2 S. E. 2d, 821).

7. It was error to refuse to give in charge the following timely written request: "The ordinary care which Mrs. Roberson was under a duty to exercise was that care which an ordinarily prudent person would use under the same or similar circumstances," for the reasons stated in divisions 3, 4, and 5 of this opinion, and also because, since the court defined ordinary care in connection with the duty of the defendant to exercise ordinary care, the defendant by specific request was entitled to have the definition given in connection with the care required of the plaintiff. As this case is being reversed on other grounds we do not go so far as to say that this error alone would be sufficient to warrant the grant of a new trial.

8. It was not error to refuse to give in charge the following request: "Where a street or highway crosses a railroad track, I charge you that the railway company and travelers on the highway have equal rights to the use of the crossing; provided however, that the one first entering or undertaking to use the crossing has

the prior right to the use thereof. If you find from the evidence that the railway train arrived at the crossing first, and was proceeding to pass over the same before the automobile driven by Mrs. Roberson arrived at the crossing, I charge you that the right of the railway company to use the crossing was superior to the right of Mrs. Roberson to the use thereof." The one first entering a crossing does not as a matter of law have prior right to its use. *Southern Ry. Co.* v. *Riley,* 57 *Ga. App.* 26 (194 S. E. 422) ; *Lewis* v. *Powell,* 51 *Ga. App.* 129 (179 S. E. 865).

9. There is no merit in grounds 9 and 10 of the amended motion for new trial.

10. The following charge was error in the case for damages for the death of the husband : "I charge you in the case arising out of the death of the plaintiff's husband, that if the defendant was negligent in some one or more or all of the respects and particulars named in the plaintiff's petition, and if you believe that as a result of such negligence of the defendant the plaintiff's husband was injured and killed, and if you believe that plaintiff's husband was not guilty of such negligence as under the circumstances would bar a recovery, then I charge you, gentlemen, that the plaintiff would be entitled to recover in this case," because as a matter of law the driver's negligence, if any, would be imputable to the deceased husband as shown in division 3 of this opinion.

11. For the same reason as stated in division 10 of this opinion the following charge to the jury was error: "I charge you, gentlemen, that the decedent in the one case, and in the other case the plaintiff, must have been in the exercise of ordinary care to protect themselves against any negligence that may have occurred on the part of the defendant."

12. The following charge was error in the case for damages for the death of the husband : "If you find that the driver of the car was the agent of the decedent, then references in this charge to the duty of the driver to exercise ordinary care have application both to the decedent and to the driver, and the acts of the driver, under such circumstances would be imputable to the decedent. If the plaintiff or the deceased, by the exercise of ordinary care, could have avoided the consequences of the defendant's negligence, if there was such, the plaintiff would not be entitled to recover," because it submitted to the jury an issue which was not authorized by

the evidence. As stated in division 3 of this opinion, as a matter of law Mrs. Roberson's negligence was imputable to her husband, and if her negligence was the proximate cause of the injury she could not recover, and if she could have avoided the consequences of the negligence of the defendant she could not recover, and the question as to whether the driver was her husband's agent should not have been submitted to the jury.

13. There is no merit in ground 14 of the amended motion.

14. For the reasons stated in division 12 of this opinion the following charge was error: "In the case for the death of plaintiff's husband, I charge you that if the decedent and the agents of the company were both at fault, and the defendant's negligence was a contributing cause of the death, the plaintiff may recover, but the damages must be diminished by the jury in proportion to the amount of default attributable to the decedent. In this connection I charge you that if you believe from the evidence that the decedent was guilty of some negligence, and that his negligence was not as great as that of the defendant, if you believe the defendant was negligent, and if you further believe that by the exercise of ordinary care the decedent could not have avoided the consequences of the defendant's negligence, then I charge you, gentlemen, that in such event this negligence on the part of the decedent would not defeat a recovery of damages, but would authorize a recovery of damages in favor of the plaintiff, and in your verdict you should reduce the amount of damages which would otherwise be awarded the plaintiff in proportion to the amount of default attributable to the decedent. You should bear this in mind, gentlemen, and apply it to the entire charge of the court on the subject of the measure of damages involved in this case."

15. The following bulletin was introduced by the plaintiff over objection: "All concerned: In future, when switching over East Avenue at Cedartown, Ga., when heading over crossing when view is obstructed and backing cars over crossing, at any time, see that some one precedes engine or cars over this crossing. M. N. Parr. Train master." The objections were: that there were no pleadings in the case authorizing the introduction of the paper in evidence; that the only acts of negligence in reference to having any one on the crossing was contained in paragraph 16 of the petition, wherein it was alleged that defendant's agents and servants in charge of the

train, knowing of the condition of the weather and of the box cars obstructing the view on each side of the crossing, were negligent in not having a flagman at said crossing with a lighted lantern to warn persons approaching at said time; that the negligence alleged in the petition was not based upon the violation of any rule, regulation or suggestion on the part of the defendant for the operation of trains over the crossing, and there were no pleadings showing or tending to show, and no evidence, that said paper was any rule or regulation of the company. The evidence in the case authorized a finding that the tracks were blocked to such an extent as to make the instructions operative. The petition alleged negligence in the failure on the part of the defendant to provide a flagman. We think a reasonable interpretation of the bulletin is that some one should precede the engine and cars for the purpose of warning travelers of the approach of the train to the crossing. Rules of a railroad company governing the conduct of its employees may be admissible in evidence for the purpose of illustrating the negligence of the defendant. *Foster* v. *Southern Ry. Co.,* 42 *Ga. App.* 830, 832 (157 S. E. 371), and cit.

16. There was no error in allowing the plaintiff to amend the petition so as to allege that the engine with which the automobile collided was backing north instead of traveling north in a forward movement. The wording of the amendment had the effect of striking the original allegation and there are no contradictory allegations in the petition as amended. Decisions cited by the plaintiff in error involving cases where the amendment added allegations which contradicted the original petition, and in which petitions the original allegations were allowed to remain, are not applicable, nor are the decisions cited where different trains were substituted by amendment.

17. Since the cases will be tried again, the question as to whether the verdicts were excessive will not be passed on, nor will the general grounds of the motions for new trial.

*Judgments reversed. Stephens, P. J., concurs. Sutton, J., concurs in the judgments.*