## 20902.   RIDLEY v. GRIFFETH.

*Aubrey W. Gilbert, Gilbert & Head,* for plaintiff in error. *Shirley C. Boykin, William P. Johnson, Frank L. Garreld,* contra.

ALMAND, Justice. This was a suit brought by R. D. Griffeth against Ales Ridley in the Superior Court of Heard County to establish preseciptive title to a private way over the defendant's land and to enjoin the defendant from interfering with the plaintiff's use and repair of the same. The defendant in his answer denied all the material allegations of the petition, and the case proceeded to trial before a jury, which found in favor of the plaintiff.

The defendant assigns error on the denial of his amended motion for a new trial on the general and nine special grounds.

■ ■ ■ These headnotes do not require any elaboration.

■ Special ground 8 assigns error on the following excerpt from the court's charge: "On the other hand, if you find that it has not been uninterrupted for use for more than 7 years *and* it's more than 15 feet wide *and* it's not the original feet laid out *and* that it has not been kept opened and in repair then it would be your duty to find in favor of the defendant [italics ours]." An excerpt from the charge of similar import is also assigned as error in special ground 9; it being insisted in each ground that the excerpts complained of authorized the jury to find for the defendant only if they found that all four of the elements necessary to establish prescriptive title to a private way were lacking in the instant case, whereas the absence of any one of them would demand a verdict for the defendant.

To this contention we agree. In order to acquire a prescriptive title to a private way over another's land, the burden of proof is on the prescriber to show that he has been in the uninterrupted use thereof for seven years or more, that it does not exceed fifteen feet in width, that it is the same number of feet originally appropriated, and that it has been kept open and in repair during such period. *Johnson v. Sams,* 136 Ga. 448 (2) (71 S. E. 891); *First Christian Church at Macon v. Realty Investment Co.,* 180 Ga. 35 (1) (178 S. E. 303); *Maddox v. Willis,* 205 Ga. 596 (54 S. E. 2d 632). If the prescriber fails to show any of these elements necessary to establish prescriptive title, he cannot recover. *Collier v. Farr,* 81 Ga. 749 (7 S. E. 860). Accordingly, while the trial court stated elsewhere in its charge that the jury must find the existence of all four of the prerequisite elements of prescriptive title, as set out above, in order to find for the plaintiff, its subsequent charge to the effect that they must find the absence of all of these things in order to find for the defendant, is erroneous and requires the grant of a new trial.

*Judgment reversed. All the Justices concur.*