21582. CROKER v. LEWIS *et al.*

ARGUED MARCH 13, 1962—DECIDED APRIL 9, 1962.

*Robt. Lee Avary, Jr.,* for plaintiff in error.

*Ben J. Camp, J. Corbett Peek, Jr., Hurt, Gaines, Baird, Peek & Peabody,* contra.

GRICE, Justice. For determination here is the sufficiency of a petition seeking injunction against the closing of an alleged private way.

That petition, filed by Mrs. Harriette M. Lewis against Jack R. Croker, alleged that, in September 1961, she received certain described land as a distributive share from the estate of her grandfather, who had acquired it approximately sixty years ago; that this land is completely surrounded by lands of others; and that the only means of ingress and egress to it is over a road running approximately 640 feet through lands of the defendant. She further alleged that this road, as presently laid out and as indicated on a sketch attached to and made a part of her petition, was in existence prior to the time this property was acquired by her grandfather; and that she, her predecessors in title, and

others had been in "continued and uninterrupted use of this permanent way over the lands of the defendant, not exceeding 15 feet in width, for more than seven (7) years (over sixty (60) years) and have kept it open and in repair."

As to the defendant, the petition alleged that he acquired the property over which this permanent way passes from the estate of a named decedent, who died intestate on October 28, 1960, and that the defendant's predecessors in title "recognized the right of the plaintiff and her predecessors in title to use the said way, and they did not interfere with its use or the keeping of it open and in repair"; but that the defendant had advised her that he intends to fence the property for cattle and in so doing to erect a barrier across that road so as to prevent ingress and egress to her described property.

The plaintiff further recited that she is now and has been in the process of clearing her property and erecting a house upon it and "has no other means of reaching this property except by this road which has been open and in use for as long as the oldest residents of this area can remember." She asserted that, if the defendant is not enjoined from obstructing this road, she will be unable to continue her use and enjoyment of her property and will be caused irreparable loss and damage; that the closing of this road will be a continuing trespass and nuisance and injurious to her; that she has no adequate remedy at law, and to prevent a multiplicity of suits the defendant should be enjoined from obstructing this road.

The relief prayed for included that the defendant be enjoined from erecting any obstruction in or across this roadway or in any manner molesting or interfering with plaintiff's free use and enjoyment of it; that this road be decreed a private way or public road and free from any future molestation by the defendant; and that he be temporarily restrained and enjoined pending a hearing.

The trial judge overruled the defendant's general demurrer, thus producing the assignment of error for review here.

1. Considering the sufficiency of this petition, we find that it effectively pleads the acquisition of a private way by prescription. The petition alleges the essential elements of uninterrupted

use for the required time, proper width, adherence to the originally laid out area, and keeping it open and in repair. *Code* §§ 83-112 and 85-1401; *First Christian Church at Macon v. Realty Investment Co.*, 180 Ga. 35 (1) (178 SE 303). See also in this connection, Mitchell, Real Property in Georgia (2d Ed.), pp. 42-43.

This private way having arisen by prescription, according to the petition, allegations as to notice to the defendant of its existence when he acquired his property were not necessary.

2. Next, we deem the allegations sufficient for the invocation of the equitable relief sought. The situation complained of was more than mere apprehension of injury and was one for which there was no adequate legal remedy. The petitioner charged that the defendant had advised her that he intends to fence his property and to erect a barrier across the road so as to prevent her from using it. Faced with denial of access to her property while erecting a house upon it, this plaintiff was not required to await the infliction of the injury, and then take steps to remove the then existing barrier, pursuant to *Code* § 83-119, in a proceeding before the ordinary. "Where one gives notice of his intention to close a private way, but has not actually obstructed the same, the statutory remedies for removing obstructions do not apply. In a proper case injunction may issue to prevent the threatened injury." *Nevels v. Golden,* 147 Ga. 34 (92 SE 521). See also *Hall v. Browning,* 195 Ga. 423 (3), 425-426 (24 SE2d 392).

In view of the allegations made in the petition under study here, the trial court properly overruled the general demurrer interposed.

*Judgment affirmed. All the Justices concur.*