*ney General, Rubye G. Jackson, Assistant Attorney General,* contra.

23132.   HUNT v. PARKER.

Submitted September 15, 1965—Decided October 20, 1965.

*James V. Pleasants,* for plaintiff in error.
*John G. Davis,* contra.

Cook, Justice. V. A. Parker brought an action against J. H. Hunt to enjoin the obstruction of a private way. The defendant admitted that he had given notice as required by *Code* § 83-114 of his intention to close the road on his property. The jury found for the petitioner, and the defendant filed a motion for new trial on the general grounds, which was amended by the addition of one special ground, and the exception is to the denial of the motion for new trial, as amended.

■ "Where one gives notice of his intention to close a private way, but has not actually obstructed the same, the statutory remedies for removing obstructions do not apply. In a proper case injunction may issue to prevent the threatened injury." *Nevels v. Golden,* 147 Ga. 34 (92 SE 521) ; *Croker v. Lewis,* 217 Ga. 762 (125 SE2d 50). In order to acquire a prescriptive title to a private way over another's land, the prescriber must show that he has been in the uninterrupted use thereof seven years or more, that it does not exceed twenty feet (*Code* § 83-102, as amended by Ga. L. 1953, Nov. Sess., p. 98), "that it is the same number of feet originally appropriated, and that it has been kept open and in repair during such period." *Ridley v. Griffeth,* 216 Ga. 167, 169 (115 SE2d 336). "When the use of a private way originates by permission of the owner, prescription does not begin to run until the user notifies the owner, by repairs or otherwise, that he has changed his position from that of a mere licensee to that of a prescriber." *First Chris-*

*tian Church at Macon v. Realty Investment Co.,* 180 Ga. 35 (178 SE 303).

The jury in the present case was authorized to find from the evidence that the petitioner had acquired the right to use the private way on the land of the defendant (plaintiff in error here), under the principles of law above stated, and the judge did not err in overruling the general grounds of the motion for new trial.

■ In the amendment to the motion for new trial error is assigned on a lengthy excerpt from the charge to the jury. No contention is made that the excerpt is incorrect as an abstract principle of law. It is asserted that the charge was prejudicial because it unduly emphasized the law supporting the contentions of the petitioner, and that it was misleading. There is no merit in these contentions.

A portion of the excerpt is criticized as being confusing to the jury because the judge charged the law applicable to the removal of obstructions from a private way, which was not involved in the case. This portion is as follows: "I charge you in this connection, to sustain an application for the removal of obstructions or for a restraining order to prevent the closing of an alleged private way, the right therefor is based upon prescription by seven years use. It is essential that the applicant or the plaintiff in this case, show not only that he has been in the uninterrupted use thereof for seven years or more, that it does not exceed fifteen feet in width and that it is the same fifteen originally appropriated, but that he has kept it open and in repair during such period."

It is argued in the brief of the defendant's counsel that there was evidence in the case that the petitioner had been successful in a previous action to remove obstructions from the same private way, and that mention of "removal of obstructions" brought this evidence to the mind of the jury and confused the jury. The charge in no way referred to the evidence in regard to the prior application for removal of obstructions. Where a party asserts the right to use a private way by reason of prescription, he has the same burdens in proving his case in regard to uninterrupted use, repairs, and other matters, whether he seeks a

removal of obstructions already placed in the way, or an injunction to restrain threatened obstructions. *Dodson v. Evans,* 151 Ga. 435 (107 SE 59). The mention of an application for removal of obstructions in the portion of the charge criticized was not harmful to the defendant.

It is further contended that the portion of the charge complained of was erroneous because the judge used such words as prescription, licensee, and prescriber, without defining these terms. Considering the use of these words in the context of the charge, we think the jury must have fully understood the meaning of the charge. If the defendant desired further instructions on the meaning of the terms used, he should have made an appropriate written request therefor. *Holmes v. Clisby,* 121 Ga. 241 (7) (48 SE 934, 104 ASR 103); *Equitable Loan &c. Co. v. Lewman,* 124 Ga. 190 (5), 201 (52 SE 599, 3 LRA (NS) 879); *Savannah Electric Co. v. Bennett,* 130 Ga. 597 (2) (61 SE 529); *Mitchell v. Gunter,* 170 Ga. 135, 144 (152 SE 466); *Burkhalter v. DeLoach,* 171 Ga. 384, 387 (5) (155 SE 513).

*Judgment affirmed. All the Justices concur, except Mobley, J., not participating for providential cause.*