## 48465. FLANIGAN v. MARTIN.

QUILLIAN, Judge. The appellant filed his petition against the appellee in the court of ordinary to remove an obstruction from a private way over the lands of the appellee, which lands adjoin property owned by the appellant.

The petition alleged the ownership of land by the appellant and the ownership of the adjoining land being in the name of the appellee. The petition further alleged that a private way over the

land of appellee connects appellant's land with a public road; that he has used this private way for ingress and egress for a period of time in excess of seven years, and that this use by him was peaceful and uninterrupted; that he has repaired and kept up the road for a period of time in excess of seven years and that the road is not greater than 15 feet in width, and at all times, the road has been kept in a usable condition and the use of this road is essential to the appellant.

The petition further alleged that the appellee unlawfully erected or caused to be erected on this road an obstruction which rendered the way unusable to appellant and prayer for an order from the ordinary requiring the removal of the obstruction. The petition was amended by adding that the way was over improved lands.

Following a hearing, the ordinary issued an order requiring that the obstructions be removed by the appellee. On appeal of this case to the superior court, the jury returned a verdict in favor of appellee, and a judgment in accordance with the verdict was entered. The appellant moved for a new trial on the general grounds. The motion was overruled and the case is here for review. *Held:*

The only issue to be decided is was there a conflict in the evidence as to whether the requirements had been met as to the removal of an obstruction from a private way.

In our opinion there was a question of fact as to whether the appellant had repaired and kept up the road for the required period of time. *Johnson v. Sams,* 136 Ga. 448 (2) (71 SE 891). There was evidence that the appellant had fixed holes in the road, and cut bushes and briars off the side of the road. There was also evidence that the appellant while having land cleared had had the road scraped with a bulldozer, the last time being several years prior to the trial of the case. In view of this evidence there would still be a question for the jury concerning whether the appellant had kept the road in such repair as to meet the requirements of the law. *Maddox v. Willis,* 205 Ga. 596 (1) (54 SE2d 632); *Ridley v. Griffeth,* 216 Ga. 167, 169 (115 SE2d 336); *Hasty v. Wilson,* 223 Ga. 739, 742 (158 SE2d 915). Code § 83-102 now Code Ann. § 83-101 (a) (Ga. L. 1967, pp. 143, 144); Code § 83-112.

*Judgment affirmed. Bell, C. J., and Deen, J., concur.*

SUBMITTED SEPTEMBER 10, 1973 — DECIDED NOVEMBER 21, 1973.

*Ben B. Ross,* for appellant.
*Walton Hardin,* for appellee.