51357. MacNERLAND et al. v. JOHNSON.

QUILLIAN, Judge.
This is an action upon an indemnification agreement executed by defendants to the plaintiff in connection with

a stock purchase agreement of a corporation to hold him "free and harmless from any loss or payment by virtue of guarantees" which he had previously made as an endorser "or otherwise," securing loans made to the corporation being purchased by the defendants. Plaintiff obtained a verdict in the amount of $57,000. Defendants' motion for a new trial, as amended, was denied and they have appealed to this court. *Held:*

1. In arriving at a decision to purchase the corporation, defendants relied in part on a financial statement prepared by an accountant on behalf of the corporation. The financial statement was incorrect and did not provide an accurate financial picture of the corporation. Defendants in the instant case attempted to introduce in evidence the fact that plaintiff had filed an action against the accountant. Plaintiff's objection to this evidence was sustained. Defendants contend this was error. We disagree.

To be admissible evidence must relate to questions being tried by the jury. Irrelevant matter should be excluded. Code § 38-201. Georgia courts hold that evidence is relevant "which logically tends to prove or disprove a material fact which is at issue." *McNabb v. State,* 70 Ga. App. 798, 799 (29 SE2d 643). If evidence is offered to prove a fact not in issue, the evidence is then properly said to be immaterial. 11 EGL 282, Evidence, § 27; Green, The Ga. Law of Evidence, 152 Relevancy, § 61. Questions of relevancy of evidence, which includes the issue of materiality, are for the court, and in the absence of an abuse of judicial discretion, this court will not interfere. *Garner v. State,* 83 Ga. App. 178, 184 (63 SE2d 225). Thus, as here, where the evidence did not appear to be material or illustrative of any issue in the case, its exclusion was not error. *Ridley v. Griffeth,* 216 Ga. 167 (1) (115 SE2d 336).

2. Defendants contend that the trial court erred in withdrawing from evidence their Exhibit No. 19, "a schedule of financial discrepancies illustrating the insolvent condition of the corporation as of the time it was purchased by the defendants." The financial statement referred to in Division 1, above, was prepared by Mr. Barnes. As stated earlier, it was incorrect. After closing of

the sale on May 1, 1970, defendants' inventory showed a discrepancy with Barnes' statement as to the total number of vehicles. Defendants reconstructed the cost of the fleet of vehicles as of March 31, 1970, the date of the statement prepared by Barnes from company records and "did an audit of his financial statement of March 31st" to determine the "veracity of [Barnes'] . . . financial statement." Upon completion of this work they "prepared . . . Defendants' Exhibit 19, which is the schedule of discrepancies indicating the differences between the figures on the financial statements that Mr. Barnes prepared and the balances that [they] had come up with on doing [their] own verification work." This exhibit was prepared by defendant Kemp. In essence the schedule indicates "the net worth . . . of the company March 31, 1970, was some forty thousand four hundred dollars less than what [they] had been led to believe."

Defendants' Exhibit 19 showed, inter alia, the following discrepancies:

|  | "Barnes & Co. Statement" | "Corrected Balance" |
| --- | --- | --- |
| Notes Payable — C & S | $26,157.73 | $39,579.35 |
| Notes Payable — GMAC | 313,753.88 | 341,000.56 |
| Notes Payable — 90 day | 40,000.00 | 40,000.00 |

On cross examination, plaintiff's attorney brought out that Mr. Barnes' statement of March 31 did not contain the entry of "Notes Payable — 90 day $40,000.00." The Barnes' statement showed "Notes Payable — C & S $79,579.00," and "Notes Payable — GMAC $300,333." Defendant Kemp explained that "[t]here is a nomenclature on [Mr. Barnes'] schedule . . . For the purposes of our comparison we took the figures from his work papers . . .," and not his statement. The Barnes' work papers were not given to defendants until after the sale was completed. Defendant Kemp stated that the $40,000 note was actually payable to C & S and was one which had been indorsed by plaintiff Johnson. Thus the Barnes' statement showing $79,579 owing to C & S was the same as shown on their Exhibit 19. Defendant Kemp stated that "[t]here was a correction made by Mr. Barnes somewhere between the work papers and the financial statement shifting some thirteen thousand dollars of

liability from GMAC to the C & S National Bank." He admitted that the comparison was confusing and that the figures as to Barnes' statement were in error, but that the total amount of the discrepancy would be the same.

Evidence which is relevant may be excluded because its probative worth or value is outweighed by its tendency to confuse the issues, or the jury. See generally, 31A CJS 436, Evidence, § 159; VI Wigmore on Evidence, 491, § 1864; Cf. *Candler v. Byfield,* 160 Ga. 732, 739 (2) (129 SE 57); see also Green, The Georgia Law of Evidence, 157 Relevancy, § 63.

We find no abuse of discretion of the trial judge in withdrawing defendants' Exhibit 19. This enumeration is without merit.

3. The jury returned a verdict in the amount of $57,000 which is the total of the face amounts of the three notes which plaintiff personally guaranteed for the corporation purchased by the defendants and which were the subject matter of the indemnity agreement upon which plaintiff sued defendants. Plaintiff admitted that he had actually paid on those notes a total of $20,004.04. Defendants contend the verdict is excessive in that if the plaintiff was entitled to any recovery he could recover "under . . . the indemnity agreement [only] those amounts *actually* paid."

Defendants rely upon Code § 20-1004 which provides that "promissory notes are not payment until themselves paid." They argue that as a promissory note is not payment until paid and actual payment of $20,004.04 only has been made, their obligation is to indemnify plaintiff only for payments made and urge us to follow the rule of law set forth in *Harvey v. Daniel,* 36 Ga. 562, 564, which states that in order to recover upon a *mere* bond of indemnity, actual damage must be shown. The claimant "must prove actual payment, or that which the law considers equivalent to actual payment; a *mere legal liability* to pay the money is not sufficient." (Emphasis supplied.)

*Harvey* is inapplicable to the facts of this case. On January 18, 1971, C & S made demand on the corporation for payment of the notes due it, including those indorsed by the plaintiff. On January 29 direct demand was made

on plaintiff Johnson. Plaintiff executed an agreement with C & S in which he executed a deed to secure debt in the amount of $61,000, conveying land owned by him in Gwinnett County. At a later date he executed another promissory note to C & S for $65,215.24 and a new deed to secure debt in the same amount on the same tract of land. Upon execution by the plaintiff of his note to C & S, secured by the real estate, two notes of Continental Rent-A-Car were marked "Paid."

A promissory note given in payment of a pre-existing debt will operate as payment when it is the express understanding of the parties it shall be received as such. *Nash Motors Co. v. Harrison Co.,* 52 Ga. App. 333, 335 (183 SE 202); *Farmers & Merchants Bank v. Rogers,* 55 Ga. App. 38 (1) (189 SE 274).

It is clear from the evidence of record that C & S has reached an accord and satisfaction with plaintiff Johnson, substituting him for Continental Rent-A-Car. Cancellation of the Continental notes and acceptance of plaintiff's promissory notes for the remaining amounts due on Continental's notes evidences the fact that Johnson, not Continental is now the primary obligor, and C & S has accepted his promissory notes as payment. We find no merit to this enumeration of error.

4. The general grounds are without merit. The remaining enumerations of error deal with the charge of the court and the failure to recharge as requested by the jury. We have examined each of these enumerations thoroughly and find them to be nonmeritorious.

*Judgment affirmed. Pannell, P. J., and Clark, J., concur.*

SUBMITTED OCTOBER 9, 1975 — DECIDED JANUARY 15, 1976 — REHEARING DENIED FEBRUARY 11, 1976 —

*Skinner, Wilson, Beals & Strickland, Warner R. Wilson, Jr.,* for appellants.

*Hatcher, Myerson, Oxford & Irvin, Henry M. Hatcher, Jr.,* for appellee.