61898. COLONIAL STORES, INC. et al. v. FISHEL.

POPE, Judge.

Hank Fishel was stopped by an armed security guard as he was leaving a Big Star Supermarket in Savannah and accused of taking a bottle of aspirin which he had in the top pocket of his sweater. Mr. Fishel explained that he had purchased the aspirin just prior to coming to the grocery store at Elliotts Drug Store, which is located at another shopping center in Savannah. The security guard told Mr. Fishel that he had been under surveillance and had been seen taking the bottle of aspirin. Mr. Fishel stated that he was simply comparing prices.

The security guard informed the store manager that he had apprehended a shoplifter and the manager telephoned the police. The security guard directed Mr. Fishel to the stock room in the rear of the store where he was searched and then handcuffed to a large metal container. While being held in the stock room, Mr. Fishel proclaimed

his innocence to the security guard and to the manager and to the police officers who arrived to take him into custody. He suggested that if they would count the aspirin in the bottle they would discover he had already taken two of the aspirin. Further, Mr. Fishel urged that if any of them would go to the drug store where he claimed to have bought the aspirin they would find the box for the aspirin in the trash receptacle in front of the store. Neither the security guard nor the store manager complied with his request. After the police left with Mr. Fishel, the manager searched the supermarket for the aspirin box which the security guard claimed Mr. Fishel had "ditched," but he was never able to find any such box in the store.

Mr. Fishel initiated suit against the corporation which owned and operated the supermarket and against the security guard and the corporation which employed the guard. He alleged that false imprisonment and several other intentional torts[1] were committed against him for which the defendants were liable. The case was tried before a jury which returned a verdict stating: "We the jury find in favor of the plaintiff, Hank Fishel, and against the defendant Colonial Stores, Incorporated d/b/a Big Star in the amount of $400 as actual damages and $175,000 as punitive damages. And against defendants John Williams and Certified Security Systems, Incorporated in the amount of zero dollars as actual damages and zero dollars as punitive damages." It is the judgment entered upon the verdict from which the supermarket corporation appeals.

1.(a) Colonial Stores contends its liability is solely derivative and entirely dependent on the actions of the security guard. It is true that Colonial Stores' liability for false imprisonment could be based upon the action of the security guard when he handcuffed Mr. Fishel to prevent him from leaving the store. This confinement constitutes a false imprisonment and is actionable unless justified. Code Ann. § 105-901. However, liability could also be based upon the tortious actions of the store manager.

Georgia law extends to merchants and their agents a privilege to detain and arrest any person reasonably suspected to be shoplifting. Code Ann. § 105-1005. The purpose of allowing a suspected shoplifter to be detained is to allow the merchant to conduct an investigation to determine if there is probable cause to believe that the person was shoplifting. However, where a reasonable man would investigate before beginning a criminal prosecution, he may be liable for his

---

[1] The court instructed the jury on the law concerning malicious prosecution which was not specifically included as a count in the plaintiff's complaint. The evidence supported such a charge and no objection was made thereto by any party.

failure to do so. *Melton v. LaCalamito,* 158 Ga. App. 820 (2b) (282 SE2d 393) (1981). Therefore, a determination by the jury that the store manager failed to act reasonably in investigating the shoplifting incident prior to initiating the prosecution against Mr. Fishel would allow a finding of liability against Colonial Stores.

The store manager testified that the normal procedure followed when a suspected shoplifter was spotted by the security guard was to take the person to the stock room in the rear of the store. The manager would be told what had happened by the security guard as a formality, and then the person would be prosecuted for shoplifting. The manager stated that the store tried to prosecute everybody that the security guard apprehended.

Evidence presented indicated that the store manager was aware of a reliable source of information which was readily available by telephoning or by sending someone to the nearby drug store in an attempt to verify Mr. Fishel's story. Also, the store manager had the ability to look in his own store for the box which Mr. Fishel supposedly "ditched," but he failed to do this before Mr. Fishel was placed in police custody and charged with a crime.

The store manager indicated by testimony that he did not feel it was his job to check out Mr. Fishel's story but assumed that would be the job of the police. Because of the manager's admission that he made no attempt to verify Mr. Fishel's explanation of his actions, the jury was justified in its determination that the Colonial Stores' manager acted unreasonably by allowing Mr. Fishel to remain handcuffed and immobilized in the back room of the store and by initiating prosecution of the shoplifting charge for which he was never convicted.[2]

(b) Colonial Stores also enumerates error concerning the form of the verdict upon which the judgment was based. It seems well settled law that a verdict rendered in an action for unliquidated damages must expressly state the amount to which the jury deems the plaintiff entitled or no lawful judgment in his favor can be entered. *Mayor &c. of Washington v. Calhoun,* 103 Ga. 675 (1) (30 SE 434) (1898).

In the present case the verdict indicated that the jury found against both the security guard and the corporation which employed him and in favor of Mr. Fishel but expressly stated that the damages were to be zero dollars. This verdict could be interpreted as indicating liability on behalf of these two defendants as specifically stated by

---

[2] The case was dismissed apparently for the failure of the security guard to appear at the hearing.

the language of the verdict. However, Colonial Stores urges that the verdict could also be interpreted as indicating neither of these two defendants was liable since no damages were awarded against either of them but were assessed only against Colonial Stores. Though this may be a possible interpretation of the verdict, "[w]here a verdict is ambiguous and susceptible of two constructions, one of which would uphold it and one of which would defeat it, it 'will not on this account be set aside, but will be given a construction which will uphold it.' " *Parks v. Parks,* 89 Ga. App. 725, 728 (80 SE2d 837) (1954). Further, any inconsistency in the verdict should be harmonized or avoided if reasonably possible without destroying the whole. *David v. Marbut-Williams Lumber Co.,* 32 Ga. App. 157 (122 SE 906) (1924).

It is undisputed by Colonial Stores that a verdict against all three defendants would have been permissible in the present case. Further, the liability of Colonial Stores on the principle of respondeat superior is not solely derivative and dependent entirely on the tortious acts of the guard but may have been based upon the actions of its store manager. Where a lawsuit is brought against a master and a servant based upon a cause of action attributable to the master under the doctrine of respondeat superior, a verdict finding only against the master and releasing the servant may be set aside where the pleadings and the evidence fail to allege or show any independent tort of the master which could have supported the verdict. *Adams v. Morgan,* 114 Ga. App. 180 (2) (150 SE2d 556) (1966). Applying this principle to the present case, however, there was evidence of an independent tort of the store manager sufficient to support a verdict against Colonial Stores, even though the language of the verdict indicates that the security guard and security corporation were not liable. We therefore hold that the verdict assessing damages only against Colonial Stores was proper.

2. The appellant next claims as error the trial court's recharging the jury concerning the necessity of finding actual damages where punitive damages are awarded after the jury had initially returned a verdict only for punitive damages. The jury retired once more and returned a verdict awarding both general and punitive damages. " 'If the judge was not satisfied that the verdict as returned was proper, before receiving the verdict he could have required the jury to return to the room and correct its verdict under proper instructions from the court . . .' " *Ballard v. Turner,* 147 Ga. App. 584, 586 (249 SE2d 637) (1978). We find the trial judge in the present case ruled correctly in refusing to grant Colonial Stores' motion for a mistrial on the ground that the jury could not consider any different verdict.

3. Appellant finally claims that $175,000 as punitive damages was excessive. A jury may award additional damages in tort where

there are aggravating circumstances either in the act or in the intention. Code Ann. § 105-2002. Mr. Fishel was arrested, handcuffed and held in the back room of a grocery store, accused of a crime he was never shown to have committed. The store manager's conscious indifference and refusal to attempt to ascertain the truth as to whether or not the aspirin had been purchased elsewhere, or to further substantiate the case against Mr. Fishel, justified the award by the jury. *Felton v. Mercer,* 149 Ga. App. 358 (3) (254 SE2d 398) (1979). The verdict was not excessive.

*Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 10, 1981 —
REHEARING DENIED DECEMBER 17, 1981.

*Malberry Smith, Jr.,* for appellants.
*Andrew W. Estes, Kran Riddle, John R. Calhoun,* for appellee.