68731. LUCKIE v. PIGGLY-WIGGLY SOUTHERN, INC.
(325 SE2d 844)

CARLEY, Judge.

Appellant-plaintiff filed a two-count complaint against appellee-defendant. Count I alleged a tortious assault by an employee of appellee. Count II alleged a false imprisonment for shoplifting. The case was submitted to a jury. A verdict for appellant was returned as to Count I, awarding her $1 in compensatory damages and $500 in punitive damages. A verdict for appellee was returned as to Count II. Appellant appeals from the judgment entered on the verdicts.

Through pre-trial discovery, appellant secured a copy of the written guidelines that appellee had established for its employees to follow when dealing with suspected shoplifters. Apparently, the actions taken by appellee's employee against appellant were not in compliance with these guidelines. At trial, a copy of appellee's guidelines was tendered by appellant for admission into evidence. Appellee's objection to the admission of this evidence was sustained by the trial court. Appellant enumerates this evidentiary ruling as error.

1. The instant case does not involve the tort of negligence. Appel-

lant's allegations concerned intentional torts. See *Stewart v. Williams*, 243 Ga. 580, 581 (1) (255 SE2d 699) (1979). However, appellant asserted in the trial court that appellee's guidelines should be admitted as "something that can be considered by the jury in their determination as to whether or not [appellee's] employees followed a reasonable man's approach or a reasonable man's conduct in the handling of the incident . . . ." Thus, appellant's contention is that, in this evidentiary aspect, her case is analogous to a negligence action. Privately established "rules are admissible as illustrative of negligence, but the violation of such a rule is not negligence in and of itself. *Georgia Railroad v. Williams*, 74 Ga. 723; *Chattanooga, R. & C. R. Co. v. Whitehead*, 90 Ga. 47 (15 S.E. 629); *Atlanta Consolidated Street Ry. Co. v. Bates*, 103 Ga. 333 (30 S.E. 41); *Foster v. Southern Ry. Co.*, 42 Ga. App. 830 (157 S.E. 371); *Pollard v. Roberson*, 61 Ga. App. 465 (6 S.E. 2d 203); *Callaway v. Pickard*, 68 Ga. App. 637 (23 S.E. 2d 564); *Southern Ry. Co. v. Tiller*, 20 Ga. App. 251 (92 S.E. 1011)." *Southern R. Co. v. Allen*, 88 Ga. App. 435, 450 (77 SE2d 277) (1953).

An action predicated upon ordinary negligence involves application of such principles as " '[o]rdinary care,' [and] 'acts of an ordinary prudent man,' [which] are variable terms, according to the situation upon which they operate. It has therefore been found by courts to be justifiable to leave all such questions for determination by the jury . . . ." *Rothschild v. First Nat. Bank*, 54 Ga. App. 486, 488 (188 SE 301) (1936). Hence, any evidence as would conceivably be "illustrative" of what might constitute the exercise of "ordinary care" in the specific situation at issue, including private guidelines, is relevant and admissible for whatever consideration in that regard the jury wishes to give to it. *Southern R. Co. v. Allen*, supra.

This evidentiary analysis is not necessarily applicable in a case which is premised upon intentional torts rather than upon the tort of negligence. Unlike negligence, intentional torts do not always involve "variable terms, according to the situation upon which they operate." The intentional tort of assault, which formed the basis of Count I of appellant's complaint, is controlled by a statute which specifically describes the conduct which will authorize a recovery. "Any violent injury or illegal attempt to commit a physical injury upon a person is a tort for which damages may be recovered." OCGA § 51-1-14. Since the actionable conduct constituting the tort of assault is specifically set forth by statute, the applicable standard of conduct under the circumstances needs no further explication. The sole issue for the jury to resolve is whether or not the intentional acts proscribed by the relevant statute were committed. Whether or not a party's acts breached any *other* standard would not demonstrate that the tort of assault occurred, and any evidence in that regard would be irrelevant. Accordingly, the "ordinary reasonable man" standard was inapplicable

as to Count I of appellant's complaint, and the trial court did not err in refusing to admit appellee's private guidelines as to the assault claim.

2. The necessary elements of the intentional tort of false imprisonment are also defined by statute. See OCGA § 51-7-20 et seq. However, OCGA § 51-7-60 is an additional part of the statutory scheme which controls this intentional tort. That statute provides a defense for the owner, operator, agent or employee of a mercantile establishment who has detained or arrested or caused to be detained or arrested "any person *reasonably* thought to be engaged in shoplifting . . . where it is established by competent evidence: (1) That the plaintiff had so conducted himself or behaved in such manner as to cause a man of *reasonable prudence* to believe that the plaintiff, at or immediately prior to the time of the detention or arrest, was committing the offense of shoplifting, . . .; or (2) That the manner of the detention or arrest and the length of time during which [the] plaintiff was detained was under all the circumstances *reasonable*." (Emphasis supplied.) The trial court charged the jury with reference to OCGA § 51-7-60, thereby implicitly establishing that the instant case is within the general rule that "[t]he determination of whether the defendant acted with reasonable prudence or whether the manner and length of the detention were reasonable were matters for the jury, not the court, to determine. [Cits.]" *United States Shoe Corp. v. Jones*, 149 Ga. App. 595, 597 (255 SE2d 73) (1979). See also *Colonial Stores v. Fishel*, 160 Ga. App. 739, 740 (1) (288 SE2d 21) (1981). If the "reasonableness" of the defendant's cause to believe that the plaintiff was shoplifting and the manner and length of the detention or arrest are matters for the jury to determine, and there is no established statutory guideline in that regard, we know of no reason why the evidentiary rule in negligence cases in Georgia should not be applicable, by analogy, in a false imprisonment case. Private guidelines established for dealing with suspected instances of shoplifting would necessarily appear to be "illustrative" of what might constitute "reasonable" cause to believe that an act of shoplifting has occurred or what might constitute a "reasonable" manner of detention or arrest or a "reasonable" length of detention. If the evidence is "illustrative" as to such jury questions, it would follow that the evidence should be admitted for whatever consideration in that regard the jury wishes to give to it. Accordingly, we hold that in a false imprisonment case in which OCGA § 51-7-60 is applicable and consequently in which there is a jury question concerning the "reasonableness" of the determination that an act of shoplifting has occurred or of the manner of the detention and arrest of a suspected shoplifter or of the length of the detention, private guidelines are admissible for the limited purpose of illustrating the applicable standard of reasonableness. However, com-

pliance with one's own guidelines would not demonstrate that the arrest or detention was "reasonable," nor would the failure to adhere to such guidelines demonstrate "unreasonableness" in and of itself. The trial court in the instant case erred in failing to admit the guidelines as relevant for the limited purpose of illustrating the standard of "reasonableness" applicable to appellee's OCGA § 51-7-60 defense.

3. The judgment as to the false imprisonment count is reversed for the reasons discussed in Division 2. The judgment as to the assault count is affirmed.

*Judgment affirmed in part and reversed in part. McMurray, C. J., Banke, P. J., and Benham, J., concur. Deen, P. J., Birdsong, P. J., and Sognier, J., concur in the judgment only. Pope and Beasley, JJ., dissent.*

DECIDED DECEMBER 5, 1984 —
REHEARING DENIED DECEMBER 20, 1984 — 

*Ben B. Mills, Jr.,* for appellant.
*Glenn Whitley,* for appellee.

BEASLEY, Judge, dissenting.

I respectfully dissent as to Division 2. The document, entitled "Shoplifting (Procedure for Detention, Arrest, and Prosecution)," purports to spell out the law on the subject, states with particularity what the company's policy is, and sets out in a number of explicitly detailed steps what procedure the company employee must follow when confronted with a suspected shoplifting incident.

It would appear that if this written document were considered by the jury in the jury room, there would be a substantial danger that its instructions would be a substitute for the jury's judgment as to what a reasonable man should do in like circumstances. The reasonableness of the guidelines was not at issue; the behavior of the defendant's employee was. The guidelines should not be allowed to "illustrate" and thus show and exemplify and illuminate the applicable standard of reasonableness. That is the jury's province, not the company's, to ascertain. The danger of the jury confusing the company's standards with the law's standard, especially since the company's would be in written form in the jury room and the legal standard would be only from the lips of the judge, to be remembered by the jury in its deliberations, apparently convinced the trial judge that the negative outweighed any positive which would result from admission.

Like the polygrapher's official report which was improperly admitted in *Harris v. State,* 168 Ga. App. 458, 460-61 (309 SE2d 431) (1983), the written procedure standards for employees of the com-

pany would weigh heavily in the jury's deliberations with respect to the legal standard and the plaintiff would be helpless to dislodge its true significance. At the very least, it would cause confusion as to the proper standard. *Jones v. Montgomery Ward & Co.*, 49 Or. App. 231 (619 P2d 907) (1980).

Moreover, the company could not avoid liability by showing that its employee did not follow the policy instructions which allegedly set a reasonable standard, and so was outside the scope of his employment,[1] any more than it could avoid liability by showing that its employee did follow the policy.

Even if it were conceded that the company's guidelines had some relevancy to any of the issues, the law is that "Evidence which is relevant may be excluded because its probative worth or value is outweighed by its tendency to confuse the issues, or the jury." *MacNerland v. Johnson*, 137 Ga. App. 541, 544 (224 SE2d 431) (1976). Repeatedly we have held that broad discretion is reposed in the trial court in determining whether to admit evidence, and that the trial court's decision will not be disturbed except in cases demonstrating a clear abuse of such discretion. *MacNerland v. Johnson*, supra; *Allstate Ins. Co. v. McGee*, 157 Ga. App. 53, 55 .(7) (276 SE2d 108) (1981). That court is in the best position to size up what the effect of that evidence is likely to be on the jury and to weigh the confusion factor against the relevancy factor. I do not find an abuse of that discretion here.

The question is apparently a new one in this state, and I believe the majority opinion sets a dangerous precedent by requiring such company guidelines to be admitted in evidence.

I am authorized to state that Judge Pope joins in this dissent.

---

[1] *J. J. Newberry Co. v. Judd*, 259 Ky. 309 (82 SW2d 359) (1935).