## 19970

Vernon F. EPTING, Respondent, v. Charlie H. BRUMBLE, Appellant

(212 S. E. (2d) 711)

*Messrs. Henry W. Kirkland, Joseph M. Epting and Harry M. Lightsey, Jr.,* of Columbia, *for Appellant,*

*Messrs. Henry W. Kirkland, Joseph M. Epting and Harry M. Lightsey, Jr., of Columbia,* for Appellant, *in Reply.*

March 10, 1975.

LEWIS, Justice:

This proceeding involves the validity of the purported will of Eugenia E. Brumble, late of the County of Newberry, South Carolina. The probate judge for Newberry County refused to admit the alleged will to probate and appeal was taken to the Court of Common Pleas where, in accordance with statute, a *de novo* trial was held. The sole issue involved was whether the purported will was signed and witnessed as required by the laws of this State. The trial resulted in a finding by the jury that the instrument in question was properly executed and thus the last will and testament of Eugenia E. Brumble.

The only bequest in the will to the husband of testatrix was a diamond ring, the remainder of her estate being devised to her mother, with others named as beneficiaries in the event of the mother's prior death. The husband unscccessfully contested the probate of the will in the lower court and has prosecuted this appeal.

The questions to be decided involve alleged error in the refusal of the trial judge to order a mistrial and, subsequently, a new trial, because of certain remarks, questions, and arguments by counsel for respondent; and also the contention that there was no evidence to sustain the verdict in that the only

reasonable inference from the testimony was that the will was not properly executed.

The latter question, based upon the claimed insufficiency of the evidence, presents no issue for determination on appeal. No motion was made by appellant at the trial for a directed verdict and the failure to make such trial motion precludes a challenge in this Court to the sufficiency of the evidence. *Evans v. Wabash Life Ins. Co.,* 247 S. C. 464, 148 S. E. (2d) 153.

The remaining questions concern the alleged prejudicial remarks, questions, and arguments by respondent's counsel. Four incidents during the trial are involved. They will be disposed of in the order of their occurrence.

The first incident involved a comment by counsel concerning a handwriting expert offered as a witness by appellant. When counsel had finished their direct and cross-examination of the witness, appellant's counsel asked for permission to excuse him, to which respondent's counsel replied: "I don't think he knows anything, so I don't . . ."; whereupon appellant's counsel, in the absence of the jury, moved for a mistrial upon the ground that the remark by respondent's counsel was highly prejudicial.

In response to the motion for a mistrial, the trial judge ruled that the comment of counsel was "inappropriate and improper"; but that he was convinced it was made without thought and not deliberately intended to prejudice the jury. The trial judge then so stated to the jury and instructed them "to totally disregard it (the remark) and do not let it in any way affect your consideration of this case." Counsel for respondent, in his argument to the jury, apologized for the questioned remark and told them that they should disregard it. The court later in the charge again instructed the jury in regard to the matter.

The principle is well settled that the granting of a motion for a mistrial by reason of anything occurring during the trial is within the discretion of the trial

judge, and his ruling on such matters will not be disturbed unless there has been an abuse of discretion.

The able and experienced trial judge was convinced that no prejudice resulted from the statement made by respondent's counsel and we find nothing in this record to show that he abused his discretion in refusing the motion for a mistrial.

The next incident involved a question, on cross-examination of the appellant-husband, as to whether an officer was called to his home on April 11, 1970, presumably because of some family difficulty. This question was preceded by the testimony of the husband that he and his wife, the testatrix, had lived together for "almost seven years" at the home where he was then living; and testimony on cross-examination that the testatrix had instituted two divorce actions against him, one in 1969 and the other in 1970 about one week after the will was executed. The testimony concerning the domestic discord was offered, no doubt, to show the likelihood that, under those circumstances, the wife would have made and signed a will leaving very little of her estate to the husband.

Appellant objected to the question concerning the calling of the officers to the home on the ground that it was irrelevant. After a colloquy between the court and counsel, the question was withdrawn. Counsel for appellant then asked that the jury be instructed to "disregard this line of questioning." This request was granted and the jury was instructed to disregard the question. No further relief was sought by appellant with reference to this question and we must assume that he was satisfied with its disposition by the court. Since the trial judge granted the only relief sought, appellant will not be heard to complain on appeal that he should have been granted more.

The remaining incidents concern alleged prejudicial arguments of respondent's counsel to the jury. We need not outline the nature of these arguments. In each instance, objec-

tion was made to the alleged prejudicial statements and the objections were sustained. No further relief was sought. Again, appellant was granted all of the relief asked, which precludes him from now raising the objection that a mistrial should have been granted.

Appellant moved for a new trial upon the grounds that the foregoing incidents were highly prejudicial and deprived him of a fair trial. In disposing of the matter, the trial judge stated: "I am convinced that no prejudice resulted either from the statement made by (respondent's) counsel or by any statement made in the closing argument that mandates this court to grant a new trial." The record amply sustains this conclusion of the trial judge.

Judgment affirmed.

Moss, C. J., and BUSSEY, LITTLEJOHN and NESS, JJ., concur.