20764

Barbara P. FAULKENBERRY, Respondent, v. SPRINGS MILLS, INC., Appellant.

(247 S. E. (2d) 445)

· *Robert R. Carpenter,* of *Roddey, Sumwalt & Carpenter,* Rock Hill, *for appellant.*

*H. Jackson Gregory,* of *Holler, Gregory & McKellar,* Columbia, *for respondent.*

September 13, 1978.

LEWIS, Chief Justice:

Respondent worked for appellant Springs Mills, Inc. After the second of two separate reports from a fellow employee to supervisory personnel that respondent was seen secreting cloth in her pocketbook, she was delayed by her supervisors and security guards for about fifteen or twenty minutes at the mill gatehouse, as she left work, for the purpose of investigating whether she was attempting to take and appropriate property of appellant, her employer. She refused to open her pocketbook at the request of her supervisors so as to determine whether it contained property of appellant and, after some discussion and continued refusal to open her pocketbook to reveal its contents, she left without hindrance. She subsequently instituted this action for false imprisonment, based upon the foregoing delay at the mill gatehouse for investigative purposes.

While other questions are raised by appellant, the dispositive issue, preserved under timely motions for directed verdict and judgment notwithstanding the verdict, is whether there was any evidence to sustain the finding of false imprisonment.

We stated in *Thomas v. Colonial Stores,* 236 S. C. 95, 113 S. E. (2d) 337, that the essence of the tort of false imprisonment consists in depriving the plaintiff of his or her liberty without lawful justification.

Since we conclude that the actions of appellant's agents were done with legal justification we need not determine whether the delay or restraint of respondent at the gatehouse as she left work constituted the restraint required to make out false imprisonment. See *Westbrook v. Hutchinson,* 195 S. C. 101, 10 S. E. (2d) 145. If appellant was legally justified in restraining respondent, she is not entitled to recover. The following from 32 Am. Jur. (2d), False Imprisonment, Section 74, soundly states the applicable principles:

Ordinarily the owner of property, in the exercise of his inherent right to protect it, is justified in restraining another who seeks to interfere with or injure it where the restraint or detention is reasonable in time and manner. Thus, where a person has reasonable grounds to believe that another is taking his property, he is justified in detaining the suspect for a reasonable length of time for the purpose of making an investigation in a reasonable manner. In such cases, probable cause is a defense, even though the injury which is about to be inflicted constitutes only a misdemeanor, for it is the existence of a reasonable ground to suppose that one's property is in danger which gives right to the protection. It follows that the owner of a store or other premises has a right to detain a customer or patron, for a reasonable time for a reasonable investigation, whom he has reasonable grounds to believe has not paid for what he has received, or is attempting to take goods without payment . . . Moreover, the right to detain the person suspected of wrongdoing exists only during commission of the offense, and does not arise where the offense was completed at some prior time.

Probable cause is now a defense under Code Section 16-13-140 to actions arising from a merchant's delay of suspected shoplifters. This section provides:

In any action brought by reason of having been delayed by a merchant or merchant's employee or agent on or near the premises of a mercantile establishment for the purpose of investigation concerning the ownership of any merchandise, it shall be a defense to such action if: (1) The person was delayed in a reasonable manner and for a reasonable time to permit such investigation, and (2) reasonable cause existed to believe that the person delayed had committed the crime of shoplifting.

We find no sound reason to deny the same defense, afforded under Section 16-13-140, to employers who reasonably delay employees in an attempt to determine the ownership of property. Such actions, of course, must be supported by probable cause; and the delay must be reasonable in time and manner and can only be justified during the commission of the suspected wrongdoing.

Appellant's actions met the requirements of the foregoing rule. The evidence conclusively shows probable cause or legal justification for the restraint of appellant. Appellant's supervisory personnel acted only after the second report from an eyewitness that respondent was seen placing cloth in her purse. She was detained immediately thereafter at the gatehouse for the purpose of investigating the report that she was removing appellant's property from the Mill, an act which the information indicated was then in progress.

Respondent was not physically restrained, but was asked to come into the gatehouse so that the security officer could talk to her. The gatehouse was respondent's intended destination to complete her work check-out sheet. When she had completed "checking out" from work, she was asked to open her pocketbook and was told the reason for the request. She refused the request and after about twenty minutes discussion left without hindrance.

The record conclusively shows that respondent was delayed by appellant's security officers for only about twenty

minutes for the purpose of making the legitimate inquiry into the charge that respondent was then in the act of unlawfully taking appellant's property. The information from fellow employees (eyewitnesses), upon which appellant acted in making the inquiry of respondent, was properly deemed reliable. The inquiry or investigation made was reasonable in nature, consisting solely of requests that respondent open her pocketbook.

The legal justification for the investigation by appellant into the alleged taking of its property by respondent is conclusively shown. The evidence therefore fails to sustain the finding of false imprisonment.

Judgment is accordingly reversed and the cause remanded for entry of judgment in favor of appellant.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.