0193

Lois Green GATHERS, Respondent, v. HARRIS TEETER SUPERMARKET, INC., Appellant.

(317 S. E. (2d) 748)

Court of Appeals

222

*Andrew Kenneth Epting, Jr.* of *Wise, Cole & Pearlman,* Charleston, *for appellant.*

*Robert G. Howe* of *Howe & Howe* and *J. Kevin Holmes* of *Steinberg, Levkoff, Spitz & Goldberg,* Charleston, *for respondent.*

Heard Feb. 20, 1984.

Decided June 11, 1984.

SHAW, Judge:

The respondent-Lois Gathers brought this lawsuit against the appellant-Harris Teeter Supermarket, Inc., alleging slander, assault and battery, and false imprisonment. The jury returned a verdict for Mrs. Gathers on the charges of slander and assault and battery, awarding her $10,000 in actual damages on each cause of action. The jury found for Harris Teeter on the charge of false imprisonment. Harris

Teeter appeals, making numerous assignments of error. We affirm.

> In an action at law, on appeal of a case tried by a jury, the jurisdiction of this court extends merely to the correction of errors of law, and a factual finding of the jury will not be disturbed unless a review of the record discloses that there is no evidence which reasonably supports the jury's findings. *Townes Associates, Ltd. v. City of Greenville,* 266 S. C. 81, 221 S. E. (2d) 773 (1976).

At approximately 11:00 A.M. on March 9, 1980, Mrs. Gathers, a school teacher, entered Harris Teeter to purchase a particular brand of cigarettes and some other items for her husband. Mrs. Gathers searched the cigarette displays at each cash register. Unable to find that brand, she then proceeded to the rack containing cartons of cigarettes. There Mrs. Gathers located one package of the brand her husband desired. She picked it up, examined it, and replaced it because it was crushed. Finding no other packages of this brand of cigarettes, Mrs. Gathers selected a few other items and proceeded to a cash register to pay for them.

During this sequence of events, Mrs. Gathers was being observed by County Police Officer Ackerman. He was on duty at this time as a police officer, but had stopped at the store for a coffee break. He was also employed as a security officer for another Harris Teeter store. He observed Mrs. Gathers through the glass wall of the office of Harris Teeter's Assistant Manager, Steven Marks. Mrs. Gathers' actions aroused Ackerman's suspicions. He believed that Mrs. Gathers was attempting to shoplift a package of cigarettes and communicated this belief to Marks. With Marks' full knowledge of what he was about to do, Ackerman first asked a cashier, Mary Jansen, if Mrs. Gathers had purchased any cigarettes. Mrs. Jansen replied negatively. Ackerman then detained Mrs. Gathers outside the store and asked her to accompany him back inside.

Mrs. Gathers followed Ackerman into Marks' office. In this glass-wall office, in full view of the store's customers, Mrs. Gathers was interrogated by Ackerman concerning the cigarettes. She was not given the *Miranda* warning and was not allowed to call her husband nor an attorney. Her three requests that Ackerman check the cigarette display rack were

refused. Ackerman told Mrs. Gathers that she would be searched. When Ackerman was informed that a female police officer was not readily available to perform the search, he asked Marks if a female store employee would do it. Mrs. Gathers then reluctantly submitted to a pat-down body search by Ms. Jansen, including the breast and groin areas. Ackerman searched her grocery bag, pocketbook, and raincoat. The searches produced no stolen goods. At this point, a very angry and upset Mrs. Gathers became free to go and reluctantly left the store after engaging in some loud and boisterous behavior.

Harris Teeter first claims that the trial judge erred in failing to rule, as a matter of law, that Ackerman was not an agent of the stores, that Harris Teeter was not liable for the actions of its employees taken at the request of a police officer, that sufficient probable cause existed to detain and search Mrs. Gathers and that all actions taken were reasonable and justified under the circumstances, and that Mrs. Gathers had consented to all actions taken.

Agency is a question of fact. The relationship of agency need not depend upon express appointment and acceptance, but may be, and frequently is, implied from the words and conduct of the parties and the circumstances of the particular case. If there are any facts tending to prove the relationship of agency, it then becomes a question for the jury. *Reid v. Kelly*, 274 S. C. 171, 262 S. E. (2d) 24 (1980); *Hunter v. Hyder*, 236 S. C. 378, 114 S. E. (2d) 493 (1960); *City of Greenville v. Washington American L. B. Club*, 205 S. C. 495, 32 S. E. (2d) 777 (1945).

There was sufficient evidence to submit the question of Ackerman's agency to the jury. Ackerman was employed by another Harris Teeter store as a security guard. Even though he was employed as a police officer at the time of the incident, Ackerman was off-duty and taking a coffee break at Harris Teeter store in question. Marks, the assistant manager, allowed Ackerman to take the coffee break in his office. Ackerman specifically told Marks he was about to catch a shoplifter and stated at the trial that Marks was aware of what he was going to do. After he had detained Mrs. Gathers, Ackerman asked Marks if he could use Marks' office. Marks agreed. Ackerman than requested a female

employee be allowed to search Mrs. Gathers' person rather than waiting on a female police officer. At no time during her detention was Mrs. Gathers given the *Miranda* warning. Based on this evidence, the jury could have reasonably concluded that Ackerman was acting as an agent for Harris Teeter. We cannot say as a matter of law that there is no evidence to support the jury's finding. *Townes Associates, supra.*

Under fundamental principles of South Carolina law, a master is liable for and is charged with knowledge of the acts and conducts of his servants operating within the scope of their employment. *Bradley v. Hullander,* 272 S. C. 6, 249 S. E. (2d) 486 (1978). An act is within the scope of a servant's employment where reasonably necessary to accomplish the purpose of his employment and is in furtherance of the master's business. *Lane v. Modern Music,* 244 S. C. 299, 136 S. E. (2d) 713 (1964). A master or employer will not be responsible for the acts of its employees where the employee is not in the execution of the employer's business, but rather is engaged in the servant's own private business. *Lane v. Modern Music, supra; Tucker v. U. S.,* 385 F. Supp. 717 (D.S.C. 1974).

It is clear that both Marks and Ms. Jansen were acting in furtherance of Harris Teeter's business when they took part in the detention and search of Mrs. Gathers. While these activities may not have been of the type usually performed by the two employees, protecting a master's property is within the scope of every servant's employment and in furtherance of the master's business. *Long v. Eagle 5, 10 and 25¢ Store Co.,* 214 N. C. 146, 198 S. E. 573 (1938). Marks knew what Ackerman was about to do, allowed the use of his office for the interrogation, and was present during the questioning. He allowed Ms. Jansen to conduct the body search for Ackerman. There was abundant testimony from which the jury might have inferred that the employees of Harris Teeter participated in the proceedings. *Falls v. Palmetto Power and Light Co.,* 117 S. C. 327, 109 S. E. 93 (1921).

Harris Teeter seeks to relieve itself of liability for its employees' actions by claiming that Ackerman ordered the two employees to help him, that they were under a legal duty to help Ackerman, and that the law imposes no civil liability

upon a private person for doing what the law requires him to do. In support of this proposition, Harris Teeter cites Section 16-5-50 of the 1976 South Carolina Code of Laws which makes it illegal to "hinder, prevent, or obstruct" a police officer in the performance of his duties.

Harris Teeter is misreading Section 16-5-50 as it imposes no affirmative duty upon private citizens to actively aid in the apprehension of suspected criminals. The only duty imposed upon a private citizen is to communicate such facts and information to a police officer as are necessary to allow the officer the opportunity to apprehend the offender. *Wingate v. Postal Telegraph,* 204 S. C. 520, 30 S. E. (2d) 307 (1944); *State v. Carson,* 274 S. C. 316, 262 S. E. (2d) 918 (1980). Any further actions taken by a private citizen must be justified under the circumstances, *Hemmerle v. K-Mart Discount Stores,* 383 F. Supp. 303 (D.S.C. 1974), which brings us to the issue of probable cause.

Section 16-13-140 reads

In any action brought by reason of having been delayed by a merchant or merchant's employee or agent on or near the premises of a mercantile establishment for the purpose of investigation concerning the ownership of any merchandise, it shall be a defense to such action if: (1) the person was delayed in a reasonable manner and for a reasonable time to permit such investigation, and (2) reasonable cause existed to believe that the person delayed had committed the crime of shoplifting.

In *Faulkenberry v. Springs Mills, Inc.* 271 S. C. 377, 247 S. E. (2d) 445 (1978), the S. C. Supreme Court stated that probable cause is now a defense under Section 16-13-140 to actions arising from a merchant's delay of suspected shoplifters. Probable cause is defined as a good faith belief that a person is guilty of a crime when this belief rests on such grounds as would induce an ordinarily prudent and cautious man, under the circumstances, to believe likewise. *State v. Roper,* 274 S. C. 14, 260 S. E. (2d) 705 (1979); *State v. Swilling,* 249 S. C. 541, 155 S. E. (2d) 607 (1967). The issue of probable cause is essentially a question of fact and ordinarily for the determination of the jury. *Parrott v. Plowden Motor Co.,* 246 S. C. 318, 143 S. E. (2d) 607 (1965).

The trial judge properly submitted the issues of probable cause and reasonable delay to the jury. As there is evidence which supports the jury's findings, we are bound to uphold them. *Townes Associates, supra.* In *Faulkenberry, supra,* the good faith belief of guilt resulted from two reports from an eyewitness that the plaintiff was seen placing cloth in her purse. Here, Ackerman admitted that he never saw Mrs. Gathers put anything in her pockets. In *Faulkenberry,* the restraint was for only about twenty minutes, and the investigation consisted solely of requests that the plaintiff open her purse. These requests were refused and no further searches were attempted. Here, Mrs. Gathers was delayed for about one hour and subject to a full pat-down body search. We cannot say as a matter of law that probable cause existed or that Mrs. Gathers' delay was reasonable.

Harris Teeter claims that Mrs. Gathers consented to all the actions taken against her. It is true that no one can enforce a right arising out of a transaction which he has voluntarily assented to. This rules applies to intentional acts which would otherwise be tortious. *Powell v. Drake,* 199 S. C. 212, 18 S. E. (2d) 745 (1942). Where the evidence as to whether consent was given is conflicting, ambiguous, or inconsistent, it becomes a question of fact for the jury. *Baily v. Belinfante,* 135 Ga. App. 574, 218 S. E. (2d) 289 (1975).

Mrs. Gathers allowed the search by Ms. Jansen but only because she was in a custodial situation, did not know her rights, and was afraid that she would be taken to jail if she refused. From this evidence, the jury could have reasonably concluded that the consent was a product of duress or coercion, express or implied, and not voluntarily given. *State v. Wallace,* 269 S. C. 547, 238 S. E. (2d) 675 (1977). Again, we cannot say as a matter of law that Mrs. Gathers consented to the search.

Harris Teeter takes exception to the jury charges made by the trial judge. Initially, the store claims that the defense of probable cause was not charged to the causes of action for slander and assault and battery. This argument is without merit. Prior to charging the law on false imprisonment, the trial judge listed all of the defenses Harris Teeter has raised, including probable cause. The trial judge then stated, "And so as not to have to repeat it each time, I'll cover it all in the next

cause of action, each of those defenses". He then later instructed the jury on probable cause.

The charges of a trial judge must be considered and taken as a whole. *Manning v. Dial,* 271 S. C. 79, 245 S. E. (2d) 120 (1978); *Dickard v. Merritt,* 256 S. C. 458, 182 S. E. (2d) 886 (1971). We believe the judge sufficiently instructed the jury on the law of probable cause as a defense to all three causes of action involved at the trial.

Harris Teeter next argues that the trial judge improperly charged the law of assault and battery by failing to instruct that apprehension of fear is an element of assault and battery. To have done so would have confused these two separate torts.

A battery is the actual infliction of any unlawful, unauthorized violence on the person of another, irrespective of its degree; it is unnecessary that the contact be by a blow, as any forcible contact is sufficient; an assault occurs when a person has been placed in reasonable fear of bodily harm by the conduct of the defendant. *Herring v. Lawrence Warehouse Co.,* 222 S. C. 226, 72 S. E. (2d) 453 (1952). The trial judge properly distinguished these two torts in his jury instructions. There was no error.

Harris Teeter also complains that the trial judge erred in failing to grant a judgment N.O.V. as to the assault and battery cause of action because there existed no proof of physical injury by the respondent. Physical injury is not an element of a battery. *Herring v. Lawrence Warehouse Co., supra.* While there must be a touching, any forcible contact will suffice irrespective of its degree. There was no error in denying the motion for a judgment N.O.V. on these grounds.

Further error is alleged in the failure to grant a new trial or judgment *N.O.V.* based upon the jury returning verdicts for Mrs. Gathers on the slander and assault and battery causes of action but finding for Harris Teeter on false imprisonment. The store claims these verdicts are inconsistent because a finding of probable cause and reasonableness as to the detention would bar recovery as to slander and assault and battery.

Slander and assault and battery are not necessary elements of false imprisonment. The tort of false imprisonment may be committed by words alone, or by acts alone or by both, and by merely operating on the will of

the individual, or by personal violence, or by both. It is not necessary that the individual be confined within a certain area, or that he be assaulted, or even touched. It is not necessary that there should be any injury done to the individual's person, or to his character, or reputation. *Westbrook v. Hutchinson*, 195 S. C. 101, 10 S. E. (2d) 145 (1940); *Wright v. Gilbert*, 277 S. C. 334, 88 S. E. (2d) 72 (1955); *Jeffcoat v. K-Mart Discount Stores*, 439 F. (2d) 713 (4th Cir. 1971); *Faulkenberry, supra.*

We see no inconsistency in the verdicts. The jury was charged with both probable cause and consent, and may have found that Gathers consented to the detention but not to the slander nor to the search. The evidence was sufficient for the jury to find consent as to the detention. Thus, it was not necessary that the jury find probable cause to rule for Harris Teeter on the false imprisonment charge.

In the questioning of Ackerman, counsel for Mrs. Gathers asked why he had failed to give her the *Miranda* warnings. Harris Teeter's objection to this line of questioning was overruled because the failure to advise Mrs. Gathers of her rights showed that Ackerman was not acting as a police officer, but rather as a private security guard. In veiw of the trial judge's decision to submit the question of Ackerman's agency to the jury, the objection was properly overruled.

Harris Teeter also objected to the use of Ms. Jensen's deposition at trial. However, the record shows that her deposition was used for the purposes of impeachment. This is a proper use of a deposition. (Circuit Court Rule 87 D[1]).

Finally, Harris Teeter alleges that the $20,000 verdict is so excessive as to indicate that it is the result of caprice, passion or prejudice on the part of the jury. In support of this proposition, the store points to the closing argument of Mrs. Gathers' counsel in which he told the jury to not "think too hard with your head but to think with your heart".

In a closing argument to the jury, an attorney may not make such remarks which are unfairly calculated to arouse passion or prejudice. *Continental Casualty Co. v. Wilson-Avery, Inc.*, 115 Ga. App. 793, 156 S. E. (2d) 152 (1967); *Shell Oil Co. v. Pou*, 204 So. (2d) 155 (Miss. 1967);

*Fidelity & Casualty Co. of N. Y. v. Johnson,* 419 S. W. (2d) 352 (Tex. 1967). When opposing counsel objects to a jury argument, the control of such argument is left very much to the discretion of the trial judge who is in a much better position to judge what is improper. *Young v. Warr,* 252 S. C. 179, 165 S. E. (2d) 797 (1969); *Shearer v. DeShon,* 240 S. C. 472, 126 S. E. (2d) 514 (1962). We need not reach the issue of whether the trial judge abused his discretion by failing to instruct the jury to disregard those remarks because the trial judge cured any potential error. In his instructions to the jury, the judge told them that they "cannot act through emotion", but must weigh the evidence and do what is just. The trial judge's instructions cured any error that may have resulted from the closing argument. *Mock v. Atlantic Coast Line RR Co.,* 227 S. C. 245, 87 S. E. (2d) 830 (1955); *Epting v. Brumble,* 264 S. C. 114, 212 S. E. (2d) 711 (1975). *See also American Home Assur. Co. v. Stephens,* 121 Ga. App. 306, 174 S. E. (2d) 186 (1970); *Crutcher v. Noel,* 284 N. C. 568, 201 S. E. (2d) 855 (1974); *Stevens v. McGaha,* 253 S. C. 378, 170 S. E. (2d) 758 (1969).

Mrs. Gathers prayed for actual damages of $300,000 and was awarded $20,000. The proper amounts to be rendered as actual or punitive damages are left almost entirely to the jury and trial judge. *Charles v. Texas Co.,* 199 S. C. 156, 18 S. E. (2d) 719 (1942); *Weeks v. Carolina Power and Light Co.,* 156 S. C. 158, 153 S. E. 119 (1930). An appellate court cannot reduce a verdict and will only strike down a verdict in toto in those rare cases where the amount is so shockingly excessive as to indicate it was the result of passion, partiality, prejudice, or corruption. *Mock v. Atlantic Coast Line, supra; Lucht v. Youngblood,* 266 S. C. 127, 221 S. E. (2d) 854 (1976).

We see no evidence of passion, partiality, prejudice or corruption.

Accordingly, the judgment below is

Affirmed.

SANDERS, C. J. and BELL, J., concur.