### 1711

Patricia CALDWELL, Respondent v. K-MART CORPORATION, Richard Rocha and Darrell Mill, Defendants, of whom K-Mart Corporation is, Appellant.

(410 S.E. (2d) 21)

Court of Appeals

28

*Robert E. Salane* and *R. Lewis Johnson,* both of *Barnes, Alford, Stork & Johnson,* Columbia, *for appellant.*

*Thomas H. Pope, III* of *Pope & Hudgens,* Newberry, *for respondent.*

Heard Sept. 16, 1991; Decided Oct. 14, 1991.

Rehearing Denied Nov. 4, 1991.

CURETON, Judge:

Patricia Caldwell sued K-Mart Corporation for slander and false imprisonment resulting from an incident which occurred at a K-Mart store in 1988. The jury returned a verdict for K-Mart on the slander cause of action and awarded Caldwell damages on the false imprisonment claim. K-Mart appeals on several grounds. We affirm.

K-Mart's appeal raises three basic issues. The company asserts the trial judge erred in failing to grant its trial motions for directed verdict, judgment notwithstanding the verdict, and new trial based upon the evidence. It also argues the court erred in the admission into evidence of portions of a loss prevention manual. Finally, K-Mart challenges the failure of the court to grant it a new trial based upon the excessiveness of the verdict. We address those issues seriatim.

## TRIAL MOTIONS

At appropriate stages of the trial, K-Mart moved for judgment in its favor asserting Caldwell was not entitled to a verdict because its actions met the requirements of *S.C. Code Ann.* Section 16-13-140 (1976). This code section provides an affirmative defense to a merchant in an action for false imprisonment. The statute recognizes a defense if there is reasonable cause to believe the person has shoplifted merchandise and the person is delayed for a reasonable time and in a reasonable manner for investigation. The trial judge denied K-Mart's motions.

False imprisonment is defined as a deprivation of a person's liberty without justification. To establish the cause of action, the evidence must demonstrate (1) the defendant restrained the plaintiff, (2) the restraint was intentional, and (3) the restraint was unlawful. *Andrews v. Piedmont Air Lines*, 297 S.C. 367, 377 S.E. (2d) 127 (Ct. App. 1989). Section 16-13-140 provides a defense to the claim if the merchant has probable cause to believe a person is taking his property and acts reasonably in his efforts to investigate the matter. *Faulkenberry v. Springs Mills Inc.*, 271 S.C. 377, 247 S.E. (2d) 445 (1978); *Gathers v. Harris Teeter Supermarket*, 282 S.C. 220, 317 S.E. (2d) 748 (Ct. App. 1984).

Viewing the evidence in the light most favorable to Caldwell, there was more than one reasonable inference concerning K-Mart's investigative actions. A store security employee observed Caldwell in the store. She was carrying a large purse. While in the store, Caldwell went to several areas looking at small items such as stain, hinges, and antenna wire. On occasion she bent down out of sight of the guard. Her explanation was she bent down to look at items on low shelves. The guard indicated he thought he saw Caldwell put something in her purse. Caldwell removed her glasses from and returned them to her purse a few times to read labels. After Caldwell left the store, the employee approached her in the parking lot and indicated he believed she had store merchandise in her pocketbook but was unable to say what he thought was put there. Caldwell opened the purse and the guard testified he saw no K-Mart merchandise in it. At that point, the guard told Caldwell to come back into the store with him. They then went to the areas in the store where she had been looking at times. They walked around the store for approximately fifteen minutes during which the guard said six or seven times that he saw her put something in her purse. Caldwell left the store after another store employee indicated she could go.

From this evidence, a finder of fact could draw more than one inference whether K-Mart's actions in investigating the suspected shoplifting were conducted for a reasonable time and in a reasonable manner. Caldwell's counsel conceded at oral argument that the initial stop in the parking lot was probably justified but asserted the actions of the guard in walking

Caldwell through the store and continuing to accuse her of taking merchandise were not justified as part of a reasonable investigation. We think these facts created an issue for the jury to resolve and the trial judge properly denied the motions of K-Mart for directed verdict, judgment notwithstanding the verdict, and new trial based upon the weight of the evidence. *See Mains v. K-Mart Corp.*, 297 S.C. 142, 375 S.E. (2d) 311 (Ct. App. 1988) (what is reasonable under Section 16-13-140 is ordinarily a question of fact for the jury).

## INTRODUCTION OF MANUAL

During the course of the trial Caldwell sought to introduce portions of the K-Mart loss prevention manual into evidence. The portion in question dealt with shoplifting arrests. K-Mart argued the manual was not relevant because the statute, and not the manual, governed the standard by which its conduct was to be judged. The court admitted the manual into evidence. We find no abuse of discretion.

Evidence is relevant when it logically tends to prove or disprove a material issue in dispute. *State v. Galloway*, — S.C. —, 407 S.E. (2d) 662, 666 (Ct. App. 1991). One of the material issues in dispute was the reasonableness of K-Mart's actions in investigating the suspected shoplifting. The manual contained guidelines for employees in making shoplifting arrests. For example, it stated as a basic step that before making an apprehension the employee "must see the shoplifter take our property." It also stated the employee should watch the suspected shoplifter continuously and only apprehend the person after he has had an opportunity to pay and is outside the store. Any apprehension should be made in the presence of a witness. Further, any interrogation should be done in privacy in the Loss Prevention Office.

While each case must be dealt with on its own facts, the loss prevention manual was relevant on the material issue of the reasonableness of K-Mart's actions. In negligence cases, internal policies or self-imposed rules are often admissible as relevant on the issue of failure to exercise due care. *Eastern Brick and Tile Co. v. United States*, 281 F. Supp. 216 (D.S.C. 1986) (railroad rules); *Felder v. K-Mart Corp.*, 297 S.C. 446, 377 S.E. (2d) 332 (1989) (testimony re-

garding store policy of placing mats at entrances). Similarly, since the statute in this case imposes a standard of reasonableness, but does not define it, the excerpts from the loss prevention manual would be relevant and helpful to a jury in deciding what was reasonable under the circumstances. We agree with the reasoning of the plurality opinion of the Georgia Court of Appeals in *Luckie v. Piggly-Wiggly Southern Inc.*, 173 Ga. App. 177, 325 S.E. (2d) 844 (1984). In *Luckie*, a store customer sued the store for false imprisonment. At trial, one issue was the admissibility of internal store guidelines regarding shoplifting incidents. The appellate court held the policies were admissible on the issue of reasonableness of the store's action under the statutory defense. The court held failure to comply with the internal guidelines would not constitute unreasonableness per se but the evidence should be admitted for whatever weight the jury wished to give it. *Id.* at 179-80, 325 S.E. (2d) at 846. The trial court in this case committed no error in admitting the evidence.

## EXCESSIVENESS OF THE VERDICT

The jury awarded Caldwell $75,000 actual damages and $100,000 punitive damages in the false imprisonment claim. K-Mart contends the amount of the verdict necessarily demonstrates the jury was motivated by caprice, passion, and/or other considerations not supported by the evidence. It, thus, argues the trial court erred in denying its motion for remittitur or alternatively a new trial based upon the excessiveness of the verdict.

As to actual damages, the evidence indicates Caldwell was detained for approximately fifteen minutes. She was not touched or searched. After merchandise was not found in her pocketbook outside the store, she was escorted through the store in the various areas in which she had been shopping. During this time she testified the security guard continued to state to her that she had taken K-Mart merchandise. Testimony indicates she was emotionally upset for several days and continued to be upset by the incident. There was testimony Caldwell experienced discomfort in going into stores up to the time of trial. Testimony also indicated the incident caused Caldwell to move her residence from Newberry to Columbia. On the issue of punitive damages the parties stipu-

lated the net worth of K-Mart was over five billion dollars.

When a party seeks a new trial based upon the amount of the jury verdict, the trial court and appellate court are guided by certain principles. If a verdict is excessive in the sense it may be considered unduly liberal, the trial judge alone has the power and responsibility to set aside the verdict absolutely or reduce it by granting a new trial nisi. The appellate court will not set aside a verdict for undue liberality. On the other hand if a verdict is so grossly excessive and shockingly disproportionate that it indicates the jury was motivated by passion, caprice, prejudice, or other consideration not founded on the evidence then it is the duty of the trial court and the appellate court to set aside the verdict absolutely. *Easler v. Hejaz Temple,* 285 S.C. 348, 329 S.E. (2d) 753 (1985); *Young v. Warr,* 252 S.C. 179, 165 S.E. (2d) 797 (1969).

Although this is undoubtedly a large verdict, we are not convinced it was motivated by caprice, passion, prejudice, or other improper considerations. The jury considered the claims of slander and false imprisonment and returned a verdict for K-Mart on the slander cause of action. K-Mart argues the jury improperly considered the loss prevention manual on the issue of compliance with the statute. The manual was properly admitted into evidence.[1] The trial judge charged the jury they were to determine what a person of ordinary reason and prudence would have found to be a reasonable time and manner for an investigation. On the elements of actual damages the trial judge charged without objection that Caldwell sought damages for humiliation, embarrassment, mental distress, mental anguish and human indignity. The trial judge also charged the jury on punitive damages and the net worth of K-Mart was introduced into evidence. While the damage award may have been liberal we find no basis in the record to hold it grossly excessive under the applicable standard.

On appeal K-Mart also argues in its brief that the punitive damage award violated due process. This argument was not before the trial court and cannot be raised for the first time on appeal. *Mackey v. Kerr-McGee Chemical Co.,* 280 S.C. 265, 312 S.E. (2d) 565 (Ct. App. 1984).

---

[1] K-Mart requested no limiting instruction relative to the jury's consideration to the manual.

In any event, the South Carolina Supreme Court has recently addressed this argument. *Gamble v. Stevenson,* — S.C. —, 406 S.E. (2d) 350, 353 (1991).

Affirmed.

BELL, J., and LITTLEJOHN, Acting Judge, concur.

