2319

Michael A. PETERS and DeAnn Blakeman, Respondents v.
K-MART CORPORATION, Appellant.

(456 S.E. (2d) 425)

Court of Appeals

*Thomas J. Willis* and *Heather K. Coleman,* of *Barnwell, Whaley, Patterson & Helms,* Charleston, *for appellant.*

*L.J. Rosintoski* and *David P. McCann,* Charleston, *for respondents.*

Submitted Feb. 7, 1995.

Decided Mar. 27, 1995; Reh. Den. May 4, 1995.

CONNOR, Judge:

The jury granted Michael A. Peters and DeAnn Blakeman actual and punitive damages for false imprisonment and conversion.[1] The trial judge denied K-Mart's motions for a new trial and judgment notwithstanding the verdict. K-Mart appeals. We affirm.[2]

---

[1] The jury found no damages for a slander cause of action.

[2] K-mart raised ten issues on appeal. However, they are generally encompassed by the issues described in this opinion. To the extent they are not encompassed by these issues, they are manifestly without merit. Rule 220(b)(2), SCACR.

Mr. Peters and Ms. Blakeman purchased a set of speakers at the Northwoods K-Mart in Charleston on April 14, 1988. Later that same evening, they bought a car stereo at the K-Mart in Goose Creek. The next day they attempted to return the stereo to the Northwoods store for a refund. K-Mart refused to refund their money. A K-Mart employee, Wilson Hodge, Jr., kept the stereo but gave Blakeman $10 to place a stop-payment order on her check. A man with Blakeman then took the stereo and left. Hodge notified all area K-Mart stores to detain both individuals if they attempted to return a car stereo.

Peters and Blakeman later attempted to return both the speakers and the stereo to the Goose Creek store. Beverly Jeffords, the Loss Control Manager of the Goose Creek store, called the Goose Creek City Police and Hodge. She told the Goose Creek police that she had two people in the store in possession of stolen goods. Goose Creek police escorted Peters and Blakeman to a security office and interrogated them. Jeffords told the police the stereo had been stolen from the Northwoods store. Jeffords claims she called the police because she thought Peters and Blakeman had stopped payment on their check but attempted to also get a refund from K-Mart. Peters was arrested and charged with conspiracy in Goose Creek and with petty larceny in North Charleston. In North Charleston the jury found him not guilty. The Goose Creek charge was later dismissed. Blakeman and Peters then brought the action underlying this appeal.

## I. *False Imprisonment*

K-Mart argues the trial judge's failure to charge the statutory definition of shoplifting, S.C. Code Ann. § 16-13-110 (Supp. 1993), prevented the jury from considering the statutory merchant's defense. False imprisonment is the deprivation of one's liberty without justification. *Caldwell v. K-Mart Corp.*, 306 S.C. 27, 410 S.E. (2d) 21 (Ct. App. 1991). The trial judge properly charged the statutory merchant's defense to a false imprisonment action. It provides a defense for merchants if reasonable cause existed to believe the person delayed had shoplifted and the manner of delay was also reasonable. S.C. Code Ann. § 16-13-140 (1985). "Reasonable" under section 16-13-140 is a question of fact for the jury.

*Mains v. K-Mart Corp.*, 297 S.C. 142, 375 S.E. (2d) 311 (Ct. App. 1988). The failure to charge the statutory definition of shoplifting is not reversible error. *See State v. Damon*, 285 S.C. 125, 328 S.E. (2d) 628 (1985). The testimony in the record was sufficient for the jury to determine the reasonableness of both the cause for and manner of the detention.

## II. *Conversion*

K-Mart argues Blakeman failed to prove the elements of conversion. A claim for conversion can be based on an unauthorized detention of property, after demand. *Oxford Finance Cos., Inc. v. Burgess*, 303 S.C. 534, 402 S.E. (2d) 480 (1991). To prevail on a conversion action, the plaintiff must show either title or right to possession of the property at the time of conversion. *Id.* Blakeman had the right to possess the property. K-Mart had cashed the checks which paid for the property. Furthermore, K-Mart held both the property and the cash for over five years. Blakeman testified that she requested the return of her stereo and speakers from K-Mart. Her attorney, in a letter, also requested the return of the items. Therefore, Blakeman made sufficient demand for the return of the property. Although K-Mart subsequently offered to return the items at the end of the criminal trial, Blakeman sufficiently proved the elements of conversion during the period between the incident and the trial. Therefore, sufficient evidence of the elements of conversion exists for the jury to return a verdict for Blakeman.

## III. *Punitive Damages*

K-Mart next argues the trial judge erred in permitting Peters to recover punitive damages for false imprisonment where he presented no proof of actual damages. However, the record reflects ample evidence of Peters' actual damages. Peters testified about the loss of his liberty, the basic injury in a false imprisonment case. Loss of liberty alone entitles a plaintiff to nominal damages. *See* F. Patrick Hubbard & Robert L. Felix, *The South Carolina Law of Torts* 341 (1990)). Peters also testified to actual damages. He said he suffered lost wages from his naval reserve job as a result of his incarceration. He also lost wages from a delay in beginning his current job because a background investigation showed

the criminal charges, which were supposed to have been dismissed, as pending. Peters, therefore, presented sufficient evidence of actual damages for the jury to consider punitive damages. *Id.; Caldwell v. K-Mart Corp.*, 306 S.C. 27, 410 S.E. (2d) 21 (Ct. App. 1991).

The appealed order is

Affirmed.

HOWELL, C.J., and CURETON, J., concur.