24441

Michael A. PETERS and DeAnn Blakeman, Respondents v. K-MART CORPORATION, Petitioner.

(472 S.E. (2d) 248)

Supreme Court

---

*Thomas J. Wills* and *Robert P. Gritton,* both of *Barnwell, Whaley, Patterson & Helms,* Charleston, *for petitioner.*

*L.J. Rosintoski* and *David McCann,* Charleston, *for respondents.*

Heard May 8, 1996.

Decided June 10, 1996.

BURNETT, Justice:

We granted certiorari to review the Court of Appeals' decision in *Peters v. K-Mart Corp.,* 318 S.C. 164, 456 S.E. (2d) 425 (Ct. App. 1995). We reverse and remand.

## FACTS

On April 14, 1988, respondent DeAnn Blakeman purchased a set of speakers from the Northwoods K-Mart in Charleston. Later that same day, Blakeman purchased a car stereo from the Goose Creek K-Mart. Respondent Michael Peters accompanied Blakeman on each occasion.

The following day, Blakeman and Peters returned to the Northwoods store and attempted to exchange the stereo purchased in Goose Creek for a different model. When K-Mart could not provide a suitable exchange, respondents asked for a refund. Although K-Mart refused to refund the purchase price, K-Mart gave Blakeman $10 to place a stop-payment order on the check she used to purchase the stereo. In return, K-Mart was to retain possession of the stereo. However, Peters took the stereo and left the store. An employee at the Northwoods K-Mart then notified the other area K-Mart stores to detain respondents if they attempted to return a car stereo.

Later that day, when respondents attempted to return the stereo and the speakers at the Goose Creek K-Mart, they were detained by K-Mart employees who took possession of the stereo and called the police to inform them that respondents were at the store and were in possession of stolen goods. When the police arrived, respondents were escorted to the store's security office and interrogated. Subsequently, Peters was arrested and charged with conspiracy and petty larceny. The conspiracy charge was later dismissed and Peters was acquitted of petty larceny.

Thereafter, respondents brought this action against K-Mart for false imprisonment, slander, and conversion. K-Mart defended relying on the statutory merchant's defense. *See* S.C. Code Ann. § 16-13-140 (1985). The jury, however, found in favor of respondents and awarded Peters $5,660 actual damages and $45,000 punitive damages, and Blakeman $1,500 actual damages and $5,000 punitive damages in the false imprisonment action. The jury also awarded Blakeman $275 actual damages and $1,000 punitive damages in the conversion action.[1]

## ISSUE

Did the Court of Appeals err in upholding the trial judge's refusal to charge the statutory definition of shoplifting?

## DISCUSSION

At trial, the judge refused K-Mart's request to charge the definition of shoplifting found in S.C. Code Ann. § 16-13-110 (Supp. 1995).[2] On appeal, K-Mart argued, *inter alia*, that the trial judge's refusal to charge the definition of shoplifting prevented the jury from adequately considering K-Mart's defense. The Court of Appeals disagreed and affirmed the jury's award of damages. K-Mart argues this was error. We agree.

The following is the statutory merchant's defense:

> In any action brought by reason of having been delayed by a merchant or merchant's employee or agent on or near the premises of a mercantile establishment for the purpose of investigation concerning the ownership of any merchandise, it shall be a defense to such action if: (1) The person was delayed in a reasonable manner and for a reasonable time to permit such investigation, and (2) *reasonable cause existed to believe that the person delayed had committed the crime of shoplifting.*

S.C. Code Ann. § 16-13-140 (1985) (emphasis added). As noted by the emphasized language, a key element of this defense is

---

[1] No damages were awarded in the slander action.

[2] Although this statute has been amended several times, the definition of shoplifting has remained the same since 1978. *See* Act No. 507, 1978 S.C. Acts 1520.

the existence of reasonable cause to believe the person detained committed "the crime of shoplifting." A charge defining this crime is therefore necessary for the jury to adequately consider the merchant's defense, especially in light of the fact that shoplifting can take on many different forms, some of which a jury might fail to consider without adequate instruction.[3] *See Jones v. Ridgely Communications, Inc.*, 304 S.C. 452, 405 S.E. (2d) 402 (1991) (when general instructions are insufficient to enable the jury to understand fully the law of the case and issues involved, the refusal to give a requested charge is error). Therefore, if a charge on the statutory merchant's defense is warranted, it is error not to provide the jury with a definition of the crime of shoplifting.

Respondents contend, however, that a charge on the statutory merchant's defense was unwarranted in this case because there was no evidence that reasonable cause existed to believe they had committed the crime of shoplifting.[4] Therefore, respondents argue, the failure to charge the definition of shoplifting could not have been error. We disagree.

When viewed in a light most favorable to K-Mart, the evidence presented at trial supports K-Mart's claim that reasonable cause existed to believe respondents had committed the

---

[3] A person is guilty of shoplifting if the person:

(1) takes possession of, carries away, transfers from one person to another or from one area of a store or other retail mercantile establishment to another area, or causes to be carried away or transferred any merchandise displayed, held, stored, or offered for sale by any store or other retail mercantile establishment with the intention of depriving the merchant of the possession, use, or benefit of the merchandise without paying the full retail value;

(2) alters, transfers, or removes any label, price tag marking, indicia of value, or any other markings which aid in determining value affixed to any merchandise displayed, held, stored, or offered for sale in a store or other retail mercantile establishment and attempts to purchase the merchandise personally or in consort with another at less than the full retail value with the intention of depriving the merchant of the full retail value of the merchandise;

(3) transfers any merchandise displayed, held, stored, or offered for sale by any store or other retail mercantile establishment from the container in which it is displayed to any other container with intent to deprive the merchant of the full retail value.

S.C. Code Ann. § 16-13-110 (Supp. 1995).

[4] Respondents contend that, at best, K-Mart may have had reasonable cause to believe they were attempting to commit a "fraudulent refund."

crime of shoplifting.[5] The fact that respondents left the North-woods store with the stereo still in their possession after having received $10 from K-Mart to stop payment on the check used to pay for the stereo, is evidence respondents intended to deprive K-Mart of the possession, use, or benefit of the stereo without paying the full retail value.[6] Consequently, a charge on the statutory merchant's defense was warranted in this case and therefore the failure to charge the definition of shoplifting was error. *Jones v. Ridgely Communications, Inc.,* *supra.*

For the foregoing reasons, we reverse the opinion of the Court of Appeals and remand for a new trial.

Reversed and remanded.

FINNEY, C.J., and TOAL, MOORE and WALLER, JJ., concur.

---

[5] Of course, determining if reasonable cause actually existed is a question of fact for the jury to decide. *See Caldwell v. K-Mart Corp.,* 306 S.C. 27, 410 S.E. (2d) 21 (Ct. App. 1991); *Mains v. K-Mart Corp.,* 297 S.C. 142, 375 S.E. (2d) 311 (Ct. App. 1988).

[6] Section 16-13-110 (A)(1) provides in part that a person is guilty of shoplifting if the person "takes possession of . . . any merchandise displayed, held, stored, or offered for sale by any store or other retail mercantile establishment with the intention of depriving the merchant of the possession, use, or benefit of the merchandise without paying the full retail value."